20675

Palmer A. **DUCKWORTH**, Appellant, v. Carl **CAMERON** and Katherine A. Cameron, Respondents.

(244 S. E. (2d) 217)

*James C. Cothran* of *Johnson, Smith, Hibbard & Cothran,* Spartanburg, *for appellant.*

*Ben C. Harrison* of *Burts, Turner, Hammett & Harrison,* Spartanburg, *for respondents.*

May 3, 1978.

RHODES, Justice:

The only question presented on this appeal is whether a licensed residential home builder is precluded from enforcing a contract entered into in violation of the Residential Home Builders Act.[1]

The facts are undisputed. The appellant, a residential home builder, and the respondents entered into a contract for the construction of a house. At the time, the appellant was not licensed by the South Carolina Residential Home Builders Commission as required by S. C. Code § 40-59-70 (1976) and was in violation of the Residential Home Builders Act.

Just prior to the completion of the house, the appellant obtained a license. As the result of a dispute which arose during construction of the house, the appellant instituted the present action to foreclose a mechanic's lien. Upon motion of the respondents, the lower court granted summary judgment in their favor holding the appellant was barred from bringing suit on the contract since he was unlicensed at the time he entered into the contract.

South Carolina Code § 40-59-130 provides, in part, that "[n]o residential home builder who does not have the license

---

[1] Title 40, Chapter 59 of the 1976 Code of Laws of South Carolina.

required herein may bring any action either at law or in equity to enforce the provisions of any contract for residential home building which he entered into in violation of this chapter."

As a general rule, when a statute is plain and unambiguous, it should be applied literally because the legislative design is unmistakable. *Martin v. Ellisor,* 266 S. C. 377, 223 S. E. (2d) 415 (1976).

It is our opinion that § 40-59-130 is clear and unambiguous. Any builder who violates the chapter by entering into a contract for home construction without obtaining the required license simply cannot enforce the contract.

The appellant relies on language found in *Henderson v. Evans,* 268 S. C. 127, 232 S. E. (2d) 331 (1977), the only prior case which has construed this chapter, to support his contention that suit on a contract entered into in violation of the chapter is precluded only until a license is obtained. The language relied upon by appellant is dicta. Unlike the present case, the builder in *Henderson* was not in violation of the chapter when he entered into the contract he subsequently sought to enforce. The facts in *Henderson* are clearly distinguishable from the present case.

Having entered into the contract with the respondents without first having obtained a license, the appellant is precluded from prosecuting this action. The judgment of the lower court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.

GREGORY, Justice (concurring):

In accord with my dissent to the majority opinion in *Henderson v. Evans,* 268 S. C. 127, 232 S. E. (2d) 331 (1977), I disagree with the statement in Mr. Justice

650

Rhodes' opinion that the builder in *Henderson* was not in violation of the Residential Home Builders Act.

I am of the view the builder in *Henderson* was in violation of the Act, as is the builder in this case.

With this exception, I concur.