22222

COLUMBIA POOLS, INC., Appellant, v. William C. MOON, Sr., Respondent.

(325 S. E. (2d) 540)

Supreme Court

---

*George Allen Graab, Jr.*, Columbia, *for appellant.*

*Carolyn B. Steigner*, Columbia, *for respondent.*

Heard Dec. 12, 1984.

Decided Jan. 28, 1985.

NESS, Justice:

This is an action by appellant Columbia Pools, Inc. to recover full payment for its construction of an indoor swimming pool and surrounding sunroom added on to respondent Moon's residence. Columbia Pools was not licensed in South Carolina as a general contractor or residential home builder when the contract was executed. The trial court dismissed the action holding an unlicensed home builder's enforcement suit was barred under S. C. Code § 40-59-130 and *Duckworth v. Cameron*, 270 S. C. 647, 244 S. E. (2d) 217 (1978). We affirm.

The appellant was licensed as a general contractor in the State of Michigan. He also obtained his South Carolina license prior to the completion of the structure but after the contract was signed and construction commenced.

The sole issue is whether the trial court erred in classifying appellant as a residential home builder.

Section 40-59-10 defines a residential home builder as:

[O]ne who constructs a residential building or structure for sale or who, for a fixed price, commission, fee or wage, undertakes or offers to undertake the construction, or superintending of the construction, of any building or structure which is not over three floors in height and which does not have more than sixteen units in the apartment complext, or the repair, improvement or re-improvement thereof, to be used by another as a residence when the cost of the undertaking exceeds ten thousand dollars.

We hold the addition of a sunroom containing a heated swimming pool onto a residence was properly classified as residential home building.

We adopt the holding *Duckworth v. Cameron, supra,* at 649, 244 S. E. (2d) 217, "[a]ny builder who violates the chapter (§ 40-59-130) by entering into a contract for home construction without obtaining the required license simply cannot enforce the contract."

Affirmed.

LITTLEJOHN, C. J., and GREGORY, HARWELL, and CHANDLER, JJ., concur.