BOBBY H. HAWKINS AND WIFE, ANGELA L. HAWKINS v. RICHARD C. HOLLAND, D/B/A RICHARD C. HOLLAND CONTRACTOR

RICKY W. HOLLIFIELD AND WIFE, MELISA L. HOLLIFIELD v. RICHARD C. HOLLAND, D/B/A RICHARD C. HOLLAND CONTRACTOR

Nos. 8927SC150
8927SC151

(Filed 6 February 1990)

1. **Contracts § 6.1 (NCI3d) — unlicensed contractor — counterclaim for unpaid balance of contract — summary judgment proper**

    The trial court did not err by granting summary judgment for plaintiffs on defendant's counterclaim for the unpaid balance on a construction contract where defendant individually contracted with plaintiffs to build the houses involved; the contract price exceeded $30,000; and defendant was not licensed under N.C.G.S. § 87-1 *et seq*. Even if defendant was in partnership with one Jim Hopper, who had a general contractor's license, the counterclaims were still unenforceable because plaintiffs' contracts were with defendant, not a partnership, and

HAWKINS v. HOLLAND

[97 N.C. App. 291 (1990)]

because the partnership did not have a general contractor's license.

**Am Jur 2d, Building and Construction Contracts § 130.**

**2. Contracts § 6.1 (NCI3d)— unlicensed contractor—attempt to recover sums paid**

Plaintiffs were not entitled to recover sums they had paid to an unlicensed contractor on a building contract because our legislature did not intend to authorize the recovery of amounts paid unlicensed contractors under the circumstances of this case.

**Am Jur 2d, Building and Construction Contracts § 130.**

APPEAL by defendant from orders entered 18 October 1988 by *Sitton, Judge,* in CLEVELAND County Superior Court. Heard in the Court of Appeals 14 September 1989.

These consolidated appeals are based on essentially the same circumstances and raise the same legal questions. In the Fall of 1986 defendant building contractor built a house for each set of plaintiffs, the contract price of which exceeded $30,000; after each house was completed and defendant had been paid part of the contract price each set of plaintiffs sued defendant to recover what had been paid and to prevent him from collecting anything further. Each action was based upon the allegation that the construction contract was for more than $30,000 and defendant did not have a general contractor's license as then required by G.S. 87-1. The Hawkins' contract was for $74,700 upon which they had paid $36,600; the Hollifields' contract was for $57,700 upon which they had paid $39,200. In each case defendant admitted the contract amount and the payments made, but alleged in defense that he was in partnership with one Jim Hopper, who had a general contractor's license, and that the contract was obtained for and performed by the partnership. In each case defendant also counterclaimed for the contract balance, including the cost of extra construction done at plaintiffs' request, and moved to join Hopper as a defendant under his partnership allegation. In each case Hopper resisted the joinder motions, alleging that no partnership existed between them and that he only permitted defendant to use his contractor's license in obtaining the building permit and worked on the houses as defendant's paid employee. Both joinder motions were denied. In each case plaintiffs' motion for judgment on the pleadings under Rule

12, N.C. Rules of Civil Procedure, was converted to a motion for summary judgment under Rule 56, and defendant moved for summary judgment as to plaintiffs' suit to recover the amounts paid. In each case, following a hearing on the motions, defendant's motion for summary judgment was denied, defendant's counterclaim was dismissed, and summary judgment was entered for the plaintiffs in the amount of the payments made.

*O. Max Gardner III for plaintiff appellees.*

*Lackey & Lackey, by N. Dixon Lackey, Jr., for defendant appellant.*

PHILLIPS, Judge.

In each appeal defendant poses four identical questions, two of which are encompassed by the other two—Did the court err in (1) dismissing defendant's counterclaim for the unpaid balance of the construction contract, and in (2) holding defendant liable for the payments received on the construction contracts?

[1] As to the first question, we hold that dismissing defendant's counterclaim by summary judgment was not error. For the written contracts, affidavits, and other materials presented to the court establish without contradiction that defendant, individually, contracted with the plaintiffs to build the houses involved; that the contract price in each instance exceeded $30,000; and that defendant was not licensed as a general contractor under the provisions of Article I of Chapter 87 of the North Carolina General Statutes. These uncontradicted and therefore established facts required the entry of summary judgment dismissing the counterclaims as a matter of law. For G.S. 87-1, *et seq.*, then required a general contractor's license for all persons, firms or corporations who "for a fixed price, commission, fee or wage" undertook to bid upon or construct any building, the cost of which exceeded $30,000; defendant violated the law by contracting to build houses costing $74,700 and $57,700; and our courts will not enforce a contract that the law forbids. *Brady v. Fulghum*, 309 N.C. 580, 308 S.E.2d 327 (1983); *Bryan Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E.2d 507 (1968); *Tillman v. Talbert*, 244 N.C. 270, 93 S.E.2d 101 (1956); *Courtney v. Parker*, 173 N.C. 479, 92 S.E. 324 (1917). Though the contradictory affidavits of defendant and Hopper do raise an issue of fact as to whether they were partners in building the houses involved, it does not follow, as defendant argues, that the dismissal of the

claim was error, because whether Hopper and defendant were partners is immaterial to the enforceability of the counterclaims for two reasons. First, the recorded materials conclusively indicate that plaintiffs' contracts were not with a partnership, but with defendant. Second, even if defendant and Hopper were partners and had contracted as a partnership to build the houses the contracts would still be illegal and unenforceable because the partnership did not have a general contractor's license either, and the law is that the construction bidder or contracting party must be licensed and that an employee, officer, or firm member of the contracting party had a license does not meet the law's requirement. *Joe Newton, Inc. v. Tull*, 75 N.C. App. 325, 330 S.E.2d 664 (1985).

[2]  As to the other question presented, our opinion is that plaintiffs are not entitled to recover the sums they paid defendant under the illegal construction contracts. Though numerous cases involving the efforts of unlicensed building contractors to collect on their contracts have been decided by our Courts, so far as we can ascertain whether one can recover payments made on a construction contract to an unlicensed contractor has not been considered before in this jurisdiction. Other courts have considered the question, however, and held that such payments are not recoverable. Annotation, Recovery Back of Money Paid to Unlicensed Person Required by Law to Have Occupational or Business License or Permit to Make Contract, 74 A.L.R.3d 637 (1976). The bases of the holdings are that the statutes requiring the license do not specifically authorize the recovery of money paid, *Comet Theatre Enterprises, Inc. v. Cartwright*, 195 F.2d 80 (9th Cir. 1952); that such laws are penal in nature and must be strictly construed, *Main v. Taggares*, 8 Wash. App. 6, 504 P.2d 309 (1972); that the specification of particular penalties precludes the addition of others by judicial construction, *Fosdick v. Investors' Syndicate*, 266 N.Y. 130, 194 N.E. 58 (1934); that allowing the recovery of such payments is not necessary to effectuate the policy of licensing statutes, *Food Management, Inc. v. Blue Ribbon Beef Pack, Inc.*, 413 F.2d 716 (8th Cir. 1969); and that equity and the principles of restitution do not require that such contractors be completely uncompensated or that contracting homeowners receive the completed construction without cost, *Homeland Insurance Co. v. Crescent Realty Co.*, 277 Ala. 213, 168 So.2d 243 (1964). All these reasons persuade us that in enacting G.S. 87-1, *et seq.*, our legislature did not intend to

CHEROKEE INS. CO. v. R/I, INC.

[97 N.C. App. 295 (1990)]

authorize the recovery of amounts paid unlicensed contractors under the circumstances involved here.

Thus, the judgments against defendant for the payments received under the contracts are reversed; the orders denying defendant's motions for summary judgment as to plaintiffs' suits to recover the payments are reversed; the judgments dismissing defendant's counterclaims are affirmed; and the matter remanded to the Superior Court for the entry of judgments in accord with this opinion.

Affirmed in part; reversed in part; and remanded.

Judges WELLS and PARKER concur.