23757

BURRY & SON HOMEBUILDERS, INC., Appellant v.
Denny FORD, Respondent.

(426 S.E. (2d) 313)

Supreme Court

*William C. Cleveland* of *Haynsworth, Marion, McKay & Guerard,* Charleston, *for appellant.*

*Charles S. Goldberg* and *J. Kevin Holmes* of *Steinberg,*

*Spitz, Goldberg, Pearlman, Holmes, White & O'Neill,* Charleston, *for respondent.*

Submitted Oct. 27, 1992.

Decided Dec. 14, 1992.

TOAL, Justice:

The issue presented in this appeal is whether the trial court erred in refusing to grant the plaintiff's motion for a voluntary dismissal and in granting the defendant's motion for summary judgment on the basis that the plaintiff, an unlicensed residential builder, could not maintain this suit for breach of contract. We affirm.

## FACTS

Appellant, Burry & Sons Homebuilders ("Burry"), brought this action for breach of contract, asserting that Denny Ford ("Ford") contracted with Burry for residential improvements on his home after Hurricane Hugo. Ford answered by way of a general denial, and further asserted Burry was not entitled to enforce the contract since Jim Burry, the president and major shareholder of Burry, is an unlicensed residential builder. Ford also alleged Burry's defective workmanship required subsequent work entitling him to a set-off. On January 11, 1991, Ford filed a motion to amend his answer to assert a counterclaim for damages resulting from Burry's defective workmanship. Ford also moved for summary judgment on Burry's complaint. In support of his motion for summary judgment, Ford submitted an affidavit in which a special investigator for the South Carolina Residential Builders' Commission declared Jim Burry is not licensed. The affiant further declared one hourly employee of Burry is licensed, but this employee worked on the house only two days and did not use his license to do the work. On January 29, Burry filed a motion for a voluntary dismissal without prejudice.

A hearing was held on July 25, 1991, on all three motions. The parties orally argued the voluntary dismissal issue. The trial court denied Burry's motion for voluntary dismissal, granted Ford's motion to amend to assert a counterclaim, and granted Ford's motion for summary judgment. Burry appeals

the denial of the voluntary dismissal and the granting of the summary judgment.

## LAW/ANALYSIS

Generally, the plaintiff is entitled to a voluntary non-suit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present. *Bowen & Smoot v. Plumlee*, 301 S.C. 262, 391 S.E. (2d) 558 (1990).[1] Once legal prejudice is found, the granting or denial is within the discretion of the trial court. *Moore v. Berkeley County*, 290 S.C. 43, 348 S.E.(2d) 174 (1986). Here, the prejudice alleged and relied upon by the trial court was the fact that Ford would have to bring his counterclaim in the county of Burry's residence. We agree that the loss of proper venue in one's county of residence suffices to establish legal prejudice. We find no abuse of discretion in this case. We, therefore, affirm the denial of Burry's motion for voluntary dismissal.

### *Dismissal of Burry's Action by Summary Judgment*

First, Burry asserts this issue was not argued below, therefore, not before the trial judge. However, it is clear from the record before us that all three motions were addressed during the hearing. Burry merely failed to present any counter affidavits or arguments.

Second, Burry argues that the action should not have been dismissed by summary judgment. Section 40-59-130 provides in part:

> Any residential builder or residential specialty contractor who undertakes or attempts to undertake the business of residential building or residential specialty contracting without first having procured a valid license . . . is guilty of a misdemeanor. . . .

> A residential builder who does not have a license or residential specialty contractor who is not certified or registered as required may not bring any action either at law or in equity to enforce the provisions of any contract

---

[1] Under Rule 41(a)(1) of the South Carolina Rules of Civil Procedure, the plaintiff may dismiss the action without leave of court before the defendant files an answer or motion for summary judgment.

for residential building or residential specialty contracting which he entered into in violation of this chapter.[2]

Burry argues his use of licensed employees constituted substantial compliance with this provision.

The party responding to a summary judgment motion may not rest on the allegation in the pleadings, but rather he must set forth specific facts showing a genuine issue for trial. Rule 56(e) SCRCP. Since Burry submitted no counter affidavits, the facts before the Court indicate that one hourly employee worked on the house for two days, but did not use his license. The mandate of this statutory provision is clear and unambiguous. *Duckworth v. Cameron*, 270 S.C. 647, 244 S.E. (2d) 217 (1978) Even if this Court were to adopt the substantial compliance doctrine, these facts fail to raise even a colorable argument for substantial compliance. *Cf., Spry v. Miller*, 25 Wash. App. 741, 610 P. (2d) 931 (1980) (held unlicensed contractor substantially complied with similar statutory provision by hiring an independent licensed contractor who performed the work with no supervision or control by the unlicensed contractor). To allow recovery under these facts would fail to provide any protection to the homeowners and, therefore, undermine the purpose of the statute. *Watson v. Harmon*, 280 S.C. 214, 312 S.E. (2d) 8 (Ct. App. 1984). Thus, we AFFIRM the granting of summary judgment.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, J.J., concur.

---

[2] We note that if the action had been dismissed, Burry could not have sought licensure and then refiled this action, as this provision clearly indicates licensure status is determined as of the date of contracting. *Duckworth v. Cameron*, 270 S.C. 647, 244 S.E. (2d) 217 (1978).