**BLANTON v. FITCH**

[150 N.C. App. 200 (2002)]

───────────

SHERRY A. BLANTON v. KENNON W. FITCH

No. COA01-370

(Filed 7 May 2002)

**Child Support, Custody, and Visitation— support—counselor not licensed in North Carolina**

The trial court abused its discretion by requiring a noncustodial parent to make reimbursement for counseling under a child support order where the services were rendered in North Carolina by a pastoral counselor and social worker residing but not licensed in North Carolina. None of the statutory exceptions

**BLANTON v. FITCH**

[150 N.C. App. 200 (2002)]

to unlicensed counseling apply and the protection of the public interest mandated by the statutes prohibits court ordered reimbursement for services performed in violation of the statutes.

Appeal by defendant from judgment entered 31 August 1999 by Judge Anna F. Foster in Cleveland County District Court. Heard in the Court of Appeals 23 January 2002.

*No brief filed for plaintiff-appellee.*

*Colin P. McWhirter, attorney for defendant-appellant.*

THOMAS, Judge.

The primary issue here is whether a non-custodial parent may be required to make reimbursement under a child support order for counseling bills where the services were rendered in North Carolina by a pastoral counselor and social worker residing, but not certified or licensed, in this State.

The specific provision in the consent order is as follows:

That [Kennon W. Fitch] agrees to carry medical insurance on the minor children and to be responsible for any deductibles. That each other parties shall be responsible for one-half of uninsured medical bills, this including dental, or orthodontist, doctor, psychological, hospital and prescribed medications.

The trial court found that defendant, Kennon W. Fitch, is liable for one-half of the $1,440.00 counseling bill. He appeals, and based on the reasoning herein, we reverse the trial court.

The facts are as follows: Plaintiff, Sherry A. Blanton, and defendant entered into the consent order on 19 February 1997. It established child support as well as custody of their two minor children.

From approximately August of 1997 to June of 1998, both children received counseling from Crystal Champion. One child had a learning disability and received counseling for problems with self-esteem, and the other received counseling for difficulties she experienced regarding the transition from private to public school.

Champion has a Master's Degree in Divinity, is an ordained minister, and is endorsed by her denomination affiliation, the Alliance of Baptist, as a pastoral counselor. She is also licensed in South Carolina as a social worker. Champion is employed at Spartanburg Regional

BLANTON v. FITCH

[150 N.C. App. 200 (2002)]

Medical Facility in Spartanburg, South Carolina, as a social worker, but agreed to counsel the children from her home in Shelby, North Carolina, because it was more convenient for plaintiff and the children. She possesses no certificates or licenses from the State of North Carolina authorizing her to counsel here, however.

The counseling fee was at the rate of $40.00 per hour and totaled $1440.00. Plaintiff paid the bills and mailed a copy of them to defendant at approximately the time the services were rendered. Defendant did not reimburse her.

In September 1997, one child was also treated by the Child & Family Development Center for a developmental reading disorder. The fee for these services totaled $832.50. Plaintiff submitted copies of the bills to defendant but, as with Champion's bills, defendant did not file them with his insurance carrier or reimburse her for one-half.

On 15 July 1999, plaintiff filed her motion for reimbursement on a form titled "Motion and Notice of Hearing for Child Support Order." The trial court treated it as a motion for reimbursement of medical and psychological expenses. An order to show cause for contempt was apparently also issued, but was not included in the record. After finding that defendant was not in civil contempt, the trial court determined that the bills for both sets of counseling services totaled $2,272.50, and ordered defendant to reimburse plaintiff in the amount of $1,136.25. Defendant's assignments of error concern only the bills from Champion, with $770.00 being his portion.

Among his assignments of error, defendant contends the trial court abused its discretion by requiring him to reimburse plaintiff for the services of Champion, who rendered such services in violation of North Carolina licensing laws and public policy. We agree with this contention.

Section 90-331 of the North Carolina General Statutes is a general provision making it unlawful for anyone, not licensed under the Professional Counselors Act, to "engage in the practice of counseling." N.C. Gen. Stat. § 90-331 (1999). The evidence supports the conclusion that Champion "engaged in the practice of counseling." First, she billed plaintiff on business-styled stationery captioned "Crystal Champion, M.Div.," with "Pastoral Counselor" typed immediately below it. Inscribed at the bottom of the stationery is Champion's North Carolina address and phone number. Second, Champion pro-

vided services to the children thirty-six times over a two-year period, all in Shelby.

There are exceptions to the general prohibition against unlicensed counseling, however, set forth in section 90-332.1. Among these exceptions are:

> (1) [A]ny . . . person *registered, certified, or licensed by the State* to practice any other occupation or profession while rendering counseling services in the performance of the occupation or profession for which the person is registered, licensed, or certified.

> (5) Any ordained minister or other member of the clergy while acting in a ministerial capacity *who does not charge a fee* for the service, or any person invited by a religious organization to conduct, lead, or provide counseling to its members when the service is not performed for more than 30 days a year.

> (6) Any *nonresident* temporarily employed in this State to render counseling services for not more than 30 days in a year, if the person holds a license or certificate required for counselors in another state.

N.C. Gen. Stat. § 90-332.1 (1999) (emphasis added).

Champion is a fee-based pastoral counselor, but is not certified in North Carolina under N.C. Gen. Stat. § 90-380 *et seq.*, which set forth the procedures for certification of such counselors. Although she is licensed in South Carolina as a social worker, she is not licensed in North Carolina under Chapter 90B, which regulates social work certification and licensure. Therefore, the exception under section 90-332.1(1) does not apply.

Champion is an ordained minister, but she charged a fee in this case and was not invited to perform services by a religious organization. Section 90-332.1(5) is therefore not applicable.

Finally, the trial court found Champion to be a resident of North Carolina even though her primary employment is out of state. Thus, the exception in 90-332.1(6) does not apply.

Chapter 90B, which regulates social workers, also provides an exception to its licensing requirement:

> Nothing in this Chapter shall be construed as prohibiting a *nonresident* clinical social worker certified, registered, or licensed in

another state from rendering professional clinical social work services in this State for a period of not more than five days in any calendar year.

N.C. Gen. Stat. 90B-8(b) (1999) (emphasis added). However, Champion does not qualify for this exception because she is a resident of Shelby, North Carolina.

We can find no basis upon which Champion's services were statutorily permitted in North Carolina. The stated purpose of the Licensed Professional Counselors Act, N.C. Gen. Stat. § 90-329 (1999), the Fee-Based Practicing Counselor Certification Act, N.C. Gen. Stat. § 90-381 (1999), and the Social Worker Certification and Licensure Act, N.C. Gen. Stat. § 90B-2 (1999), is to protect the public by regulating the services provided by these health-care providers. The protection of the public interest mandated by these statutes prohibits a court from ordering reimbursement for services performed in violation of them. *Cf. Hawkins v. Holland,* 97 N.C. App. 291, 388 S.E.2d 221 (1990) (prohibiting unlicensed contractors from enforcing construction contracts where, by statute, licensure was mandated before entering into contracts). Moreover, a non-custodial parent liable for the cost of psychological services for his children is clearly a person the legislature seeks to protect by regulating counselors and social workers. *See Furr v. Fonville Morisey Realty, Inc.,* 130 N.C. App. 541, 545, 503 S.E.2d 401, 405 (1998) ("[I]llegality is a defense to the enforcement of an otherwise binding, voluntary contract in violation of a statute only where the party seeking to void the contract is a victim of the substantive evil the legislature sought to prevent."), *disc. review allowed,* 350 N.C. 94, 532 S.E.2d 529, *disc. review dismissed as improvidently allowed,* 351 N.C. 41, 519 S.E.2d 314 (1999).

Based on our holding, we need not address defendant's other assignments of error. Accordingly, we reverse that part of the trial court's order requiring reimbursement for one-half of the cost of Champion's counseling services.

REVERSED.

JUDGES HUDSON and JOHN concur.