THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robbie Milton,       
Respondent,
 
 
 

v.

 
 
 
Glen F. Strickland, MD, James D. Givens, MD, and Southern Surgical Group,
LLC,        Appellants.
 
 
 

Appeal From Lexington County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2005-UP-126
Submitted February 1, 2005  Filed February 
 17, 2005

AFFIRMED

 
 
 
S. Jahue Moore, of West Columbia, for Appellants.
Michael Parham and William L. Dodson, Jr., both of Greenville, 
 for Respondent.
 
 
 

PER CURIAM: In this medical malpractice 
 action, the trial court granted Robbie Miltons motion for voluntary dismissal 
 without prejudice.  Doctors Glen F. Strickland and James D. Givens, and their 
 surgical group, Southern Surgical Group, LLC, (collectively Defendants) appeal, 
 arguing the dismissal causes them legal prejudice and is against public policy.  
 We affirm. [1] 
FACTS
In August 2003, Milton filed a 
 complaint against Defendants in Lexington County, alleging medical malpractice.  
 In paragraph two of the complaint, Milton stated that [u]pon information and 
 belief, these Defendants are citizens and residents of the County of Lexington, 
 State of South Carolina. In Defendants answer, they admitted the allegations 
 set forth in paragraph two of Miltons complaint.  Because all Defendants resided 
 in Lexington County when this action commenced, South Carolinas general venue 
 statute required Milton to bring suit there.  S.C. Code Ann. § 15-7-30 (1976).
Simultaneous to serving the complaint 
 on Defendants, Milton also served upon them a series of written interrogatories.  
 In response to the interrogatories, Defendants submitted Dr. Stricklands Curriculum 
 Vitae.  On his Curriculum Vitae, Dr. Stricklands home address and 
 his childrens names were blacked out.  The blacking out of Dr. Stricklands 
 address piqued Miltons interest, and he hired a private investigator to explore 
 the issue of Dr. Stricklands residence.  After reviewing tax, drivers license, 
 and voter registration records, the private investigator filed an affidavit 
 with the court, which indicated that Dr. Strickland was actually a resident 
 of Richland County, South Carolina when the medical malpractice action was commenced.
Once this information was discovered, Milton moved 
 for a voluntary dismissal without prejudice pursuant to Rule 41(a)(2), SCRCP, 
 so that he could re-file his claim in Richland County.  The trial court granted 
 Miltons motion, and this appeal followed.
STANDARD OF REVIEW
A plaintiff is ordinarily entitled to 
 a voluntary non-suit without prejudice as a matter of right unless the defendant 
 shows legal prejudice or important issues of public policy are present.  Burry 
 & Son Homebuilder, Inc. v. Ford, 310 S.C. 529, 531, 426 S.E.2d 313, 
 314 (1992).  Once legal prejudice is found, the granting or denial is within 
 the discretion of the trial court.  Id.
LAW/ANALYSIS
Defendants first argue the trial court abused its 
 discretion because it granted Miltons motion for voluntary dismissal without 
 prejudice based on a mistaken belief that every plaintiff has an absolute right 
 to one voluntary dismissal.  Defendants argue that because the trial court failed 
 to consider whether legal prejudice would result or whether public policy concerns 
 would be implicated, the court committed reversible error.  We disagree.
To support their argument, Defendants 
 quote from the transcript of the hearing in which the trial court orally ruled 
 that the law is clear.  To me.  As I understand . . . I always give them one 
 bite at the apple.  Which I think 41(a)(2) gives them . . . .  While this isolated 
 statement might suggest the trial court did not consider whether the voluntary 
 dismissal would contravene public policy or whether it would cause legal prejudice 
 to Defendants, the transcript as a whole belies that implication.  Both attorneys 
 discussed the proper standard in their presentations to the trial court, and 
 the trial court even took a moment to read a case presented by the Defendants 
 attorney.  
More importantly, the trial courts written order 
 specifically acknowledges that [a] plaintiff generally has the right to voluntarily 
 dismiss his claim without prejudice absent some legal prejudice demonstrated 
 by the Defendant or some public policy issue of great import.  It is well-settled 
 that no order is final until it is written and entered.  Rule 58(a), SCRCP; 
 see also First Union Natl Bank of S.C. v. Hitman, Inc., 308 S.C. 
 421, 422, 418 S.E.2d 545, 545 (1992) ([A] judge is not bound by the prior oral 
 ruling and may issue a written order which is in conflict with the oral ruling.).  
 Thus, we find the trial court considered the correct standard when it granted 
 Miltons motion to voluntarily dismiss his claim without prejudice.
Next, Defendants argue the trial court erred in 
 granting Miltons motion for a voluntary dismissal without prejudice because 
 they demonstrated that such a dismissal would legally prejudice them and would 
 contravene public policy.  Specifically, Defendants argue that once venue was 
 laid in Lexington County, it cannot be moved to Richland County without depriving 
 Dr. Givens of his substantial right to defend the action in the county of his 
 residence.  Defendants further argue that because Milton seeks a dismissal so 
 he can re-file in Richland County, Milton is forum-shopping, a practice that 
 is repugnant to the public policy of South Carolina.    We disagree.
Defendants argue the case of   Burry 
 & Son Homebuilder, Inc. v. Ford, 310 S.C. 529, 531, 426 S.E.2d 313, 
 314 (1992), supports their argument that once venue was established in Lexington 
 County, dismissal for the purpose of allowing Milton to re-file in Richland 
 would amount to legal prejudice for Dr. Givens.  We do not believe the law set 
 forth in Burry is applicable to the factual circumstances of this case.
In Burry, a homebuilder filed a 
 complaint against a homeowner for breach of contract.  The homeowner answered, 
 arguing that the homebuilder was not entitled to enforce the contract because 
 he was not a licensed residential builder.  Thereafter, the homeowner sought 
 to amend his answer to assert a counterclaim for damages resulting from the 
 homebuilders defective workmanship.  The homeowner also moved for summary judgment.  
 In support of his motion, the homeowner submitted an affidavit from an investigator 
 for the South Carolina Residential Builders Commission who confirmed the homebuilder 
 was not licensed.  In response, the homebuilder filed a motion for a voluntary 
 dismissal without prejudice.  Id. at 530, 426 S.E.2d at 314.  The trial 
 court denied the homebuilders motion for voluntary dismissal, finding that 
 legal prejudice would result if the homeowner had to bring his counterclaim 
 to the county of the homebuilders residence.  Id. at 531, 426 S.E.2d 
 at 314.  On appeal, the supreme court affirmed, finding the loss of proper 
 venue in ones county of residence suffices to establish legal prejudice.   
 Id.
Unlike the Burry case, there are 
 multiple defendants in this case.  Here, even assuming some degree of legal 
 prejudice would result from Dr. Givens losing his ability to defend himself 
 in the county in which he resides, such prejudice would be offset by the opportunity 
 Dr. Strickland is afforded now that he is able to defend himself in his county 
 of residence.  Furthermore, the case before us does not involve a counterclaim.  
 Thus, there is no danger that Defendants will lose their right to bring a counterclaim 
 in their county of residence as was the concern in Burry.   
Furthermore, we agree with the trial court 
 that this action is in an early enough stage of litigation that dismissing the 
 case would not cause legal prejudice to Defendants.  At this point, only minimal 
 discovery has been exchanged and no depositions have been taken.  Cf. 
 Crout v. S.C. Natl Bank, 278 S.C. 120, 293 S.E.2d 422 (1982) (finding 
 legal prejudice when the plaintiffs motion for voluntary dismissal was announced 
 only five days before trial and plaintiff had no compelling reason for making 
 the motion).  Moreover, to the extent that the passage of time might affect 
 legal prejudice, we note that if Defendants had not admitted in their answer 
 that Dr. Strickland lived in Lexington County, Milton could have immediately 
 sought to have the case voluntarily dismissed or to have venue changed.  Likewise, 
 if the city and state of Dr. Stricklands residence had not been blacked out 
 on his Curriculum Vitae, Milton could have taken immediate action.  Instead, 
 months had to pass for Milton to hire an investigator and discover Dr. Stricklands 
 true county of residence.  While the Defendants errors may have been innocent, 
 their mistakes did extend the time between Miltons complaint and his motion 
 for voluntary dismissal. 
 Furthermore, under the circumstances of 
 this case, we disagree with Defendants argument that allowing Milton to re-file 
 in Richland County would condone forum shopping.  This is not a situation where 
 Milton is attempting to join a sham defendant for the sheer purpose of acquiring 
 a more plaintiff-friendly venue.  Rather, Milton is merely attempting to file 
 his medical malpractice action in a county in which he could have filed had 
 he known from the outset where Dr. Strickland lived.  See S.C. Code Ann. 
 § 15-7-30 (1976) (setting forth the rule that certain actions, such as medical 
 malpractice, shall be tried in the county in which the defendant resides at 
 the time of the commencement of the action, and [i]f there be more than one 
 defendant then the action may be tried in any county in which one or more of 
 the defendants to such action resides at the time of the commencement of the 
 action).  
 Accordingly, the trial courts grant of 
 Miltons motion for a voluntary dismissal without prejudice is 
AFFIRMED.       
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., 
 concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.