**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tim McGee, Appellant,

v.

David Thornton and Thornton Brothers Construction, Respondents.

Appellate Case No. 2012-208046

———————————

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge.

———————————

Unpublished Opinion No. 2013-UP-156
Heard March 13, 2013 – Filed April 17, 2013

———————————

**AFFIRMED**

———————————

Max G. Mahaffee, of Grimball & Cabaniss, LLC, of Charleston, for Appellant.

Zachary J. Closser, of Smith & Koontz P.A., of Charleston, for Respondents.

———————————

**PER CURIAM:** Tim McGee appeals the circuit court's order dismissing his complaint and entering judgment in favor of David Thornton and Thornton Brothers Construction (collectively, Thornton). We affirm.

1. As to whether the circuit court erred by finding McGee was the general contractor on the project, we find the record supports the circuit court's finding. *See Townes Assocs., Ltd., v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."). At trial, the homeowner testified that he hired McGee to supervise the construction of the home. Similarly, McGee testified that he was hired by the homeowner to "oversee" construction. Additionally, McGee admitted that he hired, supervised, and paid the subcontractors on the project. *See* S.C. Code Ann. § 40-59-20(6) (2011) (defining a residential builder as "one who constructs, *superintends*, or offers to construct or superintend the construction, repair, improvement, or reimprovement of a residential building or structure" (emphasis added)).

2. As to whether the circuit court erred in finding McGee's action to recover damages under the contract was barred by section 40-59-30(B) of the South Carolina Code (2011), we affirm. Section 40-59-30(B) prohibits an unlicensed residential builder from enforcing a residential construction contract. McGee concedes that he does not have a residential home builder's license. However, he contends the statute is intended to protect homeowners and, consequently, does not apply to disputes between a contractor and subcontractor. This court has previously interpreted the effect of section 40-59-30(B) in the context of a dispute between a home owner and a residential builder. *See Lenz v. Walsh*, 362 S.C. 603, 608 S.E.2d 471 (Ct. App. 2005). This court noted that in such a dispute, "because the statute is plain and unambiguous, it should be applied literally; thus, where a builder has no license, he may not enforce the contract." *Id.* at 607, 608 S.E.2d at 473 (citing *Duckworth v. Cameron*, 270 S.C. 647, 649, 244 S.E.2d 217, 218 (1978)). However, there is no South Carolina case law interpreting the effect of the statute on a dispute between a contractor and a subcontractor. We find the opinion of the Michigan Court of Appeals in *Utica Equipment Co. v. Ray W. Malow Co.*, 516 N.W.2d 99 (Mich. Ct. App. 1994), instructive on this issue. In *Utica*, the court concluded a similar statutory prohibition in the Michigan Residential Builders Act was "all inclusive" and "does not treat the status of the defendant as an important consideration." *Id.* at 100; *see also* Mich. Comp. Laws Ann. § 339.2412 (2008) (barring an unlicensed residential builder from bringing any action for compensation for the performance of an act or contract for which a license is required). Applying this interpretation to the appellant-subcontractor's action, the court held the statute prohibited the unlicensed appellant-subcontractor from bringing an action against the respondent-contractor for breach of contract. *Id.* Similar to the Michigan statute, section 40-59-30(B) only looks to the licensure

status of the person or firm bringing the action to enforce a residential building contract. *See* § 40-59-30(B) (precluding an action to enforce a residential building contract by "a person or firm who first has not procured a license or registered with the commission and is required to do so by law"). Because McGee did not have a residential builders license, we find section 40-59-30(B) precluded him from bringing an action to enforce a residential construction contract.

3. As to whether McGee can recover under a negligence theory of recovery, we find the economic loss rule precludes McGee from recovering in tort. "The purpose of the economic loss rule is to define the line between recovery in tort and recovery in contract." *Sapp v. Ford Motor Co.*, 386 S.C. 143, 147, 687 S.E.2d 47, 49 (2009). The economic loss rule bars recovery in tort for loss of the expected bargain from the base transaction or for damage to the property purchased. *Id.*; 7 S.C. Jur. *Architects & Engineers* § 31 (2013). In this instance, McGee seeks compensation for the cost of repairs to the home and for Thornton's alleged double-billing. We find these damages were economic losses. Moreover, because McGee was not the home buyer in this instance, we find the narrow exception to the economic loss rule recognized in the residential home context does not apply in this case. *See Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 347, 384 S.E.2d 730, 737-38 (1989) (recognizing a builder may be liable to a home buyer in tort despite the fact the buyer suffered only economic losses where the builder has violated a legal duty); *id.* at 347, 384 S.E.2d at 737 ("The 'economic loss rule' will still apply where duties are created *solely* by contract. In that situation, no cause of action in negligence will lie.").

4. As to whether the circuit court erred in dismissing the case after all the evidence had been presented, we find this issue abandoned on appeal. *See Pack v. S.C. Dept. of Transp.*, 381 S.C. 526, 532, 673 S.E.2d 461, 464 (Ct. App. 2009) (finding an issue abandoned because the appellant failed to provide supporting authority).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**