**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stolf Construction, LLC, Appellant,

v.

Sweetgrass Home Builders, LLC, and Reginald L. Gaskins, Respondents.

Appellate Case No. 2012-207386

Appeal From Berkeley County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-375
Submitted September 1, 2013 – Filed October 9, 2013

**AFFIRMED**

Thomas O. Sanders, IV, of Sanders Law Firm, LLC, of Charleston, for Appellant.

Christopher P. Biering, of Christopher P. Biering, Attorney at Law, P.C., of Moncks Corner, for Respondents.

**PER CURIAM:** In this breach of contract action, Stolf Construction, LLC (Stolf) appeals the trial court's order finding "in favor of [Sweetgrass Home Builders,

LLC, and Reginald L. Gaskins] on all causes of action," and denying Stolf's motion for a new trial.  Stolf argues the trial court erred in (1) finding it lacked standing, (2) finding it did not present an accounting of a prior construction contract, (3) finding Sweetgrass was a properly formed limited liability company, and (4) denying its motion for a new trial.  We affirm.

The evidence contained in the record shows Stolf did not have a residential builder's license at the time the contract was executed.  Accordingly, the trial court properly found Stolf lacked standing to bring this action.  *See* S.C. Code Ann. § 40-59-30(B) (2011) ("[A] person or firm who first has not procured a license or registered with the [South Carolina Residential Builders Commission] and is required to do so by law may not file a mechanics' lien or bring an action at law or in equity to enforce the provisions of a contract for residential building or residential specialty contracting which the person or firm entered into in violation of this chapter."); *Duckworth v. Cameron*, 270 S.C. 647, 649, 244 S.E.2d 217, 218 (1978) ("Any builder who violates [section 40-59-30(B)] by entering into a contract for home construction without obtaining the required license simply cannot enforce the contract.").

Because we affirm the trial court's finding that Stolf lacked standing, we need not address the remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.