**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Harvey R. Campbell, Jr., d/b/a Metal Construction and Roofing, Appellant,

v.

Lee Lyerly and Ellen Marie Stone Lyerly, Respondents.

Appellate Case No. 2016-002315

———————————

Appeal From Florence County
William H. Seals, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-438
Submitted October 1, 2017 – Filed November 22, 2017

———————————

**AFFIRMED**

———————————

Louis David Nettles, of Folkens Law Firm, P.A., of Florence, for Appellant.

Gary Ivan Finklea, of Finklea Law Firm, of Florence, for Respondents.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 40-59-30(B) (2011) ("[A] person or firm who first has not procured a license or registered with the [South Carolina Residential Builders Commission] and is required to do so by law may not file a mechanics'

lien or bring an action at law or in equity to enforce the provisions of a contract for residential building or residential specialty contracting which the person or firm entered into in violation of this chapter."); *Martin v. Ellisor*, 266 S.C. 377, 381, 223 S.E.2d 415, 417 (1976) ("When . . . the statute is plain and unambiguous, it becomes the duty of the court to apply it literally because the legislative design is unmistakable."); *Duckworth v. Cameron*, 270 S.C. 647, 649, 244 S.E.2d 217, 218 (1978) ("Any builder who violates [section 40-59-30(B)] by entering into a contract for home construction without obtaining the required license simply cannot enforce the contract.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.