**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brown Contractors, LLC, under S.C. Residential Builders License No. 20378, Appellant/Respondent,

v.

Andrew Joseph McMarlin a/k/a Andrew Joseph McMarlin and Amy Salzhauer, Respondents/Appellants.

And

Andrew McMarlin and Amy Salzhauer, Respondents/Appellants,

v.

James Brown, IV and Brown-Meihaus Construction Co., LLC, Third-Party Defendants.

Appellate Case No. 2019-000513

Appeal From Charleston County
Henry W. Brown, Special Referee

Unpublished Opinion No. 2022-UP-175
Heard February 9, 2022 – Filed April 20, 2022

**AFFIRMED**

Robert Bratton Varnado, of Brown & Varnado, LLC, of Charleston, for Appellant/Respondent.

Robert T. Lyles, Jr., Lyles & Associates, LLC, of Mount Pleasant, for Respondents/Appellants.

---

**PER CURIAM:** Andrew McMarlin and his wife Amy Salzhauer hired Brown Contractors, LLC (Brown) to renovate their Sullivan's Island home. After renovations were substantially underway, the parties became embroiled in dispute, leading Brown to file a mechanic's lien. The McMarlins answered and counterclaimed, asserting claims of negligence, breach of warranty, breach of contract, and unfair trade practices. The McMarlins sought judgment against Brown and its owner, Jay Brown.

Henry W. Brown, Esquire, was appointed as Special Referee to decide the case. After a trial, the Special Referee ruled Brown's mechanic's lien and other claims were barred by S.C. Code Ann. § 40–59–30 (2011), which bars an unlicensed contractor from suing in law or equity. Turning to the McMarlins' counterclaims, the Special Referee awarded the McMarlins $346,693.00 on all their causes of action, except their claim for unfair trade practices, as to which he entered judgment in Brown's favor. The Special Referee also ruled there was no basis to hold Jay Brown personally liable. Finally, the Special Referee awarded the McMarlins $158,132.29 in attorney's fees. Both Brown and the McMarlins appeal.

## I.

In this action at law, tried without a jury, our review is limited to errors of law, and we must affirm the Special Referee's factual findings as long as they are reasonably supported by the evidence. *Ritter & Assocs., Inc. v. Buchanan Volkswagen, Inc.*, 405 S.C. 643, 649, 748 S.E.2d 801, 804 (Ct. App. 2013).

### A. Brown's Appeal

i.   S.C. Code Ann. § 40–59–30

Whether Brown can enforce its mechanic's lien is governed by S.C. Code Ann. § 40–59–30(A), which states:

> [A] person or firm who first has not procured a license or registered with the commission and is required to do so by law may not file a mechanics' lien or bring an action at law or in equity to enforce the provisions of a contract for residential building or residential specialty contracting which the person or firm entered into in violation of this chapter.

S.C. Code Ann. § 40–59–30(B). "South Carolina courts have held that a builder who is not licensed at the time he enters into a contract for residential construction may not bring an action to enforce the provisions of the contract." *Lenz v. Walsh*, 362 S.C. 603, 607, 608 S.E.2d 471, 473 (Ct. App. 2005); *Duckworth v. Cameron*, 270 S.C. 647, 649, 244 S.E.2d 217, 218 (1978) ("Any builder who violates the chapter by entering into a contract for home construction without obtaining the required license simply cannot enforce the contract.").

We affirm the Special Referee's ruling that, because Brown was not properly licensed, its mechanic's lien and other claims were invalid. *See Zepsa Const., Inc v. Randazzo*, 357 S.C. 32, 35, 591 S.E.2d 29, 30 (Ct. App. 2004) ("An action to foreclose a mechanic's lien is a law case in South Carolina." (quoting *Keeney's Metal Roofing, Inc. v. Palmieri*, 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App. 2001))); *Ritter*, 405 S.C. at 649, 748, S.E.2d at 804 ("[W]hen reviewing an action at law, on appeal of a case tried without a jury, the appellate court's jurisdiction is limited to correction of errors at law, and the appellate court will not disturb the [special referee]'s findings of fact as long as they are reasonably supported by the evidence." (quoting *Mazloom v. Mazloom*, 382 S.C. 307, 316, 675 S.E.2d 746, 751 (Ct. App. 2009))). Based on Jay Brown's and Amy Salzhauer's testimony, Jay Brown met Amy in March 2012 and offered to engage in the business of residential building with the McMarlins as early as April 2012, months before Brown applied for its residential contractor's license on June 6, 2012. We believe this solicitation alone is enough to violate § 40–59–30. The statute emphasizes that one who solicits or performs residential construction without "first" obtaining a license cannot later file a mechanic's lien or other legal or equitable action to enforce the building contract.

We therefore affirm the Special Referee's ruling that § 40–59–30 bars Brown's claims. There is no dispute Brown solicited the McMarlin job before it was licensed. We are not persuaded by Brown's arguments that the solicitation was on behalf of Brown-Meihaus, a duly licensed builder. Nor are we persuaded that we can look past the plain language of the statute and the cases interpreting it and deem

the license "issued" when Brown applied for it.

ii.  Appealability of the Right to Cure Act and S.C. Code Ann. § 40–59–84 (2011)

Brown contends the Special Referee should have barred the McMarlins' claims because they were filed without first serving Brown with a notice of the claim and affording a right to cure the specified construction defects.

We question whether Brown may enforce the Right to Cure Act, as Brown was not properly licensed under § 40–59–30.  The parties did not question the application of this chapter to Brown; however, we note that the statutory language of § 40–59–30 implies that an unlicensed entity may not avail itself of the Right to Cure Act. Nonetheless, even if Brown was able to avail itself of the Act, it waived its right to notice and opportunity to cure by failing to make a motion to stay the McMarlins' counterclaims.

If Brown was subject to the Right to Cure Act, we would agree with Brown that the McMarlins did not comply with the Act.  *See* S.C. Code Ann. § 40–59–840 ("In an action brought against a contractor or subcontractor arising out of the construction of a dwelling, the claimant must, no later than ninety days before filing the action, serve a written notice of claim on the contractor.").  However, we find Brown's rights of notice and opportunity to cure were protected by its ability to make a motion to stay the McMarlins' counterclaims until the McMarlins fulfilled the requirements of the Right to Cure Act.  *See* S.C. Code Ann. § 40–59–830 ("If the claimant files an action in court before first complying with the requirements of this article, on motion of a party to the action, the court shall stay the action until the claimant has complied with the requirements of this article."); *Grazia v. S.C. State Plastering, LLC*, 390 S.C. 562, 573, 703 S.E.2d 197, 2002 (2010) ("[T]he predominant concern [of the Right to Cure Act] should be on the contractor/subcontractor's actual exercise of the rights to notice and the opportunity to cure, not *when* those rights are received."); *id*. at 573–74, 703 S.E.2d at 202–03 ("[W]e fail to discern how the rights to a pre-litigation opportunity to inspect and remedy/settle are substantially abridged when a court stays the proceedings under [§] 40–59–830, thereby granting the contractor/subcontractor the ability to explore those rights in full.").

Nonetheless, we find Brown waived its right to notice and opportunity to cure by failing to make a motion to stay the McMarlins' counterclaims.  *See id*. at 569–72, 703 S.E.2d at 200–02 (providing the stay provision in § 40–59–830 applies not only to "accidental filing situations," but also to where the claimant filed purposely

before complying with § 40–59–840); *id*. at 571, 703 S.E.2d at 201 ("In construing statutory language, the statute must be read as a whole and sections which are a part of the same general statutory law must be construed together and each one given effect." (quoting *S.C. State Ports Auth. v. Jasper Cnty.*, 368 S.C. 388, 398, 629 S.E.2d 624, 629 (2006))); *Ex parte Chase,* 62 S.C. 353, 362–63, 38 S.E. 718, 724 (1901) (providing where two portions of a statute appear to be in conflict, every effort should be made to reconcile these apparently conflicting provisions and bring them into harmony). Accordingly, we find the McMarlins are entitled to their damages award despite failing to strictly comply with the Right to Cure Act.

iii.    Awarding Attorney's Fees to the McMarlins

Because we find Brown's mechanic's lien was invalid and we affirm the award of $346,693.00 to the McMarlins, we find the McMarlins are the prevailing party within the meaning of the attorney's fee provision of the mechanic's lien statute, S.C. Code Ann. § 29–5–10 (2007). *See Cedar Creek Props. v. Cantelou Assocs., Inc.*, 320 S.C. 483, 486–87, 465 S.E.2d 774, 776 (Ct. App. 1995) (finding Cedar Creek was the prevailing party under the mechanic's lien statute and entitled to attorney's fees where Cantelou cancelled its lien after Cedar Creek filed an action to dissolve the lien). Accordingly, we affirm the Special Referee's award of attorney's fees in the amount of $133,161.00 to the McMarlins.

## B. The McMarlins' Appeal

The McMarlins argue the Special Referee erred by not imposing liability on Jay Brown personally. The Special Referee's lucid order found Jay Brown did not commit any breach of contract or tort while acting in his personal capacity against the McMarlins. This finding is reasonably supported by the record. Accordingly the Special Referee did not err in refusing to impose liability on Jay Brown personally. *See* S.C. Code Ann. § 33–44–303 (2006) ("A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager."); *cf*., *Dutch Fork Dev. Grp. II, LLC v. SEL Props., LLC*, 406 S.C. 596, 606, 753 S.E.2d 840, 845 (2012) (an LLC manager may be held personally liable for tortious interference with a contract if it is determined he is acting in his individual capacity as a separate entity from the LLC).

The McMarlins alternatively contend personal liability should attach to Jay Brown under the single enterprise theory or the doctrine of alter-ego. However, our supreme court has held the single enterprise theory is "an equitable remedy for

plaintiffs whenever they have been wronged by <u>business entities</u> with blurred identities" and does not apply as a tool for imposing personal liability on individuals. *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co., LLC*, 435 S.C. 109, 127, 866 S.E.2d 542, 551-52 (2021).  At any rate, we do not find sufficient evidence in the record here to disregard the corporate shield of the LLC and impose personal liability on Jay Brown.

**AFFIRMED.**

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**