THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
John E. Johnson, III, Appellant,
v.
Estate of Ralston E. Smith, Respondent.
 
 
 

Appeal from Clarendon County
 Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2006-UP-002
Submitted December 1, 2005  Filed January 4, 2006   

AFFIRMED

 
 
 
Scott Lamar Robinson, of Manning, for Appellant.
Melody Joy Edelman Breeden, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  John E. Johnson, III, submitted a claim against the Estate of Ralston E. Smith for breach of contract, fraudulent misrepresentation, breach of good faith, conversion, quantum meruit, and sought a constructive trust based on the payment to Smith of tobacco settlement proceeds that belonged to Johnson.  The trial court granted summary judgment to Smith, finding Johnsons claims barred by the doctrine of accord and satisfaction.  We affirm.[1]
FACTS
Ralston E. Smith loaned John E. Johnson, III money in 1999, and Smith took title to Johnsons farm as security for the loan.  According to Johnson, Smith reconveyed title to the farm to him in 2000 after Johnson paid the debt.  Nevertheless, Smith received tobacco settlement proceeds in 2001 based on his title to the farm in 1999.  On March 11, 2002, Johnson executed a settlement agreement providing:

In consideration for the payment of Ten thousand and No/100 Dollars ($10,000.00), the receipt of which is hereby acknowledged, I John E. Johnson, III, do hereby agree to release and forever discharge Ralston E. Smith from any and all claims, liabilities, demands, or damages arising from all business transactions between the parties.

In addition, Johnson signed a copy of the check he received, which contained a similar release.
On March 7, 2003, Smith died.  Smiths wife, Stacey G. Smith, and brother serve as co-representatives of his estate (the Estate).  Johnson filed a claim in probate court against the Estate, alleging breach of contract, fraudulent misrepresentation, breach of good faith, conversion, quantum meruit, and entitlement to a constructive trust resulting from Smiths actions with respect to the tobacco allotment.  The Estate answered and generally denied Johnsons claim.  In addition, the Estate asserted various affirmative defenses, including the doctrine of accord and satisfaction, and a counterclaim under the Frivolous Proceedings Act.  In support of its accord and satisfaction defense, the Estate attached the executed settlement agreement and check to its answer.  On February 10, 2004, the special probate judge removed the case to circuit court.  Subsequently, Johnson replied to the Estates answer, and generally denied its affirmative defenses and its counterclaim.  
Pursuant to Rule 12(b)(6) and 12(c), SCRCP, the Estate moved to dismiss Johnsons causes of action for failure to state a claim and judgment on the pleadings.  On August 26, 2004, the Estate served Johnson with notice of its intent to convert the motion to dismiss into a motion for summary judgment.  The Estate also filed Stacey Smiths affidavit at this time.  The trial court held a hearing on September 8, 2004, at which time Johnson objected to the lack of adequate notice to the summary judgment motion.  Without specifically addressing the notice issue, the trial court held the hearing would be treated as a hearing for summary judgment, but allowed Johnson and the Estate to file supplemental affidavits and other documents within ten days of the hearing.  Additionally, the trial court requested the Estate submit a proposed order within thirty days and gave Johnson ten days to respond after service of this proposed order.  Johnson did not object to this procedure.  Also at this hearing, Johnson claimed for the first time that the settlement agreement resulted from duress and coercion.
Johnson replied to the summary judgment motion on September 17, 2004, and submitted his affidavit that indicated Smith had coerced the settlement agreement or forced Johnson to sign it under duress.  Johnson also submitted the affidavit of his brother, Clarke Johnson, in which Clarke indicated he was present at the signing of the settlement agreement, and Smith forced Johnson to sign under duress.  The Estate entered a memorandum in support of its motion, and the trial court entered summary judgment in favor of the Estate based on the doctrine of accord and satisfaction.  This appeal followed.
LAW/ANALYSIS
I. Notice of Summary Judgment
Johnson contends the trial court erred in granting summary judgment because he did not have sufficient notice of the summary judgment hearing.  We disagree.
Objections not raised in the trial court cannot be relied on in the appellate court.  The duty is on the litigant to make a timely objection in order to preserve the right of review.  A contemporaneous objection is required to properly preserve an error for appellate review.  Doe v. S.B.M., 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997) (citations omitted).  Johnson objected at the hearing to the propriety of the notice he received with respect to the Estates motion for summary judgment.  The trial court responded to Johnsons objection by treating the hearing as one for summary judgment, but allowed Johnson ten days to supplement his opposition to the motion with affidavits and other documents.  Johnson did not object to this procedure, did not demand a second hearing, and actively participated by submitting affidavits and a reply to the motion.  Only after the trial court granted summary judgment did Johnson object to this procedure.  Under these circumstances, Johnson waived his right to assert lack of proper notice on appeal.
II. Genuine Issue of Material Fact
Johnson argues the trial court erred in finding no genuine issue of material fact existed.  We disagree.
Johnson specifically argues the trial court erred in finding no genuine issue of material fact exists as to whether the settlement agreement was entered into under duress or coercion.  First, Johnson failed to appeal the trial courts decision that Rule 8(c), SCRCP, required Johnson to specifically plead duress or coercion as an affirmative defense.  Johnsons only response to this ruling on appeal was that [t]his ruling by the trial judge fails to address the possibility that, after discovery on this issue . . . [Johnson] could move to amend his pleadings to set forth the affirmative defense of duress.  Johnson did not present the issue of the possibility of amending his pleadings to the trial court and did not otherwise appeal the trial courts ruling.  Therefore, the trial courts ruling is the law of the case.  See Lindsay v. Lindsay, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) (It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling. . . . The unchallenged ruling, right or wrong, is the law of the case. (citations omitted)).
Moreover, even if Johnson properly appealed the trial courts ruling, we hold Johnson was required to specifically plead duress in his reply.  In pleading to a preceding pleading, a party shall set forth affirmatively the defenses: . . . duress . . . and any other matter constituting an avoidance or affirmative defense. . . . A party may file a reply to any of the foregoing affirmative defenses.  Rule 8(c), SCRCP.  An affirmative defense must be pled to be preserved.  Adams v. B & D, Inc., 297 S.C. 416, 419, 377 S.E.2d 315, 317 (1989).  Although Rule 8(c) requires a party to set forth affirmative defenses to a preceding pleading, this requirement applies only if the party actually pleads responsively to the prior pleading.  Republic Contr. Corp. v. South Carolina Dept of Highways and Pub. Transp., 332 S.C. 197, 210, 503 S.E.2d 761, 768 (Ct. App. 1998).  Johnson filed a reply and failed to plead duress as a way of avoidance of the Estates affirmative defense of accord and satisfaction.  Therefore, Rule 8(c), SCRCP, applies, and Johnson waived his right to assert duress.
III. Opportunity to Conduct Further Discovery         
Johnson contends the trial court erred by entering summary judgment prematurely.  We disagree.
Since it is a drastic remedy, summary judgment should be cautiously invoked so that no person will be improperly deprived of a trial of the disputed factual issues.  Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) (quoting Watson v. Southern Ry. Co., 420 F.Supp. 483, 486 (D.S.C. 1975)).  This means, among other things, that summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery.  Baughman, 306 S.C. at 112, 410 S.E.2d at 543.  In Baughman, the Supreme Court of South Carolina expressly cited two factors to be considered in determining whether the party opposing summary judgment has had a full and fair opportunity to complete discovery.  First, the party must demonstrate a likelihood that further discovery will uncover additional evidence relevant to the issue . . . and that they are not merely engaged in a fishing expedition.  Id. at 112, 410 S.E.2d at 544.  Second, they must demonstrate they were not dilatory in seeking discovery on the particular issue.  Id. at 113, 410 S.E.2d at 544.  
Johnson has failed to meet either of these requirements.  Johnson broadly avers the grant of summary judgment would be fatal to his case and would deny him the right to conduct further discovery.  He does not explain the likelihood of success if further discovery were to be allowed, or the specific types of discovery that would help his case.  Johnson asserts the parties are only sixty days into the discovery process, and no discovery requests have been answered.  However, Johnson admits neither party had taken any depositions or noticed the other party thereof.  Johnson does not explain whether he has asked for other types of discovery or why he failed to notice depositions at this point.  Under these circumstances, we hold Johnson has not demonstrated summary judgment is premature.
CONCLUSION
We hold Johnson waived his right to argue he had insufficient notice of the Estates summary judgment motion.  Moreover, Johnson failed to appeal the trial courts decision that Rule 8(c), SCRCP, precluded Johnson from arguing duress or coercion.  Also, we hold the trial court properly held Rule 8(c), SCRCP, requires duress or coercion to be specifically pled when a party submits a reply.  Finally, we conclude the trial court did not prematurely grant summary judgment.  For the foregoing reasons, the decision of the trial court is
AFFIRMED.
KITTREDGE, WILLIAMS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.