22972

Charles F. ADAMS, d/b/a Charlie's Electrical Service, Respondent v. B & D, INC., Betty R. Rowell and McGee & Sons, Inc., Defendants, of whom B & D, Inc., and Betty R. Rowell are appellants, and McGee & Sons, Inc. is a Respondent.

(377 S. E. (2d) 315)

Supreme Court

*John R. Clarke,* North Myrtle Beach, *for appellants.*

*Joseph F. Singleton* and *Ronald R. Norton* of *Cross, Singleton & Burroughs, P.A.,* Conway, *for respondent Adams.*

*H. T. Abbott, III,* Conway, *for respondent McGee & Sons, Inc.*

Heard Jan. 10, 1989.

Decided Feb. 21, 1989.

HARWELL, Justice:

This is an appeal from the foreclosure of a mechanic's lien. The special referee ruled that the mechanic's lien had been established and entered judgment in favor of the subcontractor. We affirm in part and remand in part.

## FACTS

Appellant Betty R. Rowell (Rowell) owns a building in North Myrtle Beach. Rowell leased the building to B & D, Inc. (B & D), which used it to operate a supermarket. The lease specifically provided that Rowell "... is not and never shall be liable to any creditor of [B & D] or to any claimant against the estate or property of [B & D] for any debt, loss, contract or any other obligation of [B & D]."

B & D contracted with Respondent McGee & Sons, Inc., the general contractor, for renovations and repairs to the supermarket. The general contractor, in turn, hired Respondent Charles F. Adams (Adams), doing business as Charlie's Electrical Service, to do electrical wiring on the project. Subcontractor Adams agreed to do the work on a "cost-plus" basis: he would be reimbursed for all labor and materials costs incurred plus ten percent (10%).

B & D authorized numerous changes and construction expansions which doubled the original estimated cost of the project. The increased costs were of great concern to B & D. In March 1986, agents of B & D asked general contractor McGee & Sons to submit a final billing figure to reflect all costs anticipated to complete the job. Doug McGee, president of the general contractor, approached all subcontractors and explained that a final billing, to include all costs for completion, should be submitted to him. On March 25, Adams submitted an estimate of $2500.00 to Mr. McGee. Mr. McGee added this figure to the estimates submitted by the other subcontractors on the project to reach a completion amount of $9200.00. B & D issued McGee & Sons a $9200.00 check marked "paid in full." McGee & Sons then paid off all its subcontractors, including $2500.00 to Adams based on Adams' estimate.

Adams continued working on the project through April 11, 1986. By that date, Adams had received additional materials invoices and incurred labor expenses totaling $4600.00 over and above the $2500.00 estimate. Adams reported the additional costs to Mr. McGee, but was never paid by McGee & Sons or B & D. Adams later filed the mechanic's lien against the supermarket property.

The parties do not dispute that Adams worked through April 11, nor do they dispute the value of his labor and

materials. Neither Mr. McGee nor the general manager of B
& D disputed at trial that if Adams had submitted the
additional $4600.00 figure when final billing was requested
in March, he would have been paid.

Both McGee & Sons and B & D believed that all sub-
contractors' estimates were final and that no further pay-
ments from B & D would be necessary. The special referee
found that both McGee & Sons and B & D were therefore
operating under a mistake of fact at the time "final pay-
ment" was made. He ruled that Adams had established a
valid mechanic's lien of $4600.00 against B & D's leasehold
interest in the property, ordered B & D's interest sold to
satisfy the lien and Adams's attorney's fees, and entered a
$4600.00 judgment in favor of Adams against McGee & Sons.
The referee did not rule on B & D's cross-claim against
McGee & Sons for indemnification. B & D now appeals.

## DISCUSSION

B & D argues that the special referee erred in finding that
Adams had established a valid mechanic's lien. B & D as-
serts that the parties negotiated either a novation or an
accord and satisfaction.

Accord and satisfaction is an affirmative defense
which must be pleaded and proved. Rule 8(c), S. C. R.
Civ. P. B & D did not plead the accord and satisfaction
defense in its answer, nor was the issue presented to the
special referee. An issue not raised before the trial court will
not be addressed on appeal. *Howell v. Pacific Columbia
Mills*, 291 S. C. 469, 354 S. E. (2d) 384 (1987).

A novation is a mutual agreement between all parties
concerned for the discharge of a valid existing obliga-
tion by the substitution of a new valid obligation on
the part of the debtor. There can be no novation unless both
parties so intend. *Superior Automobile Ins. Co. v. Maners*,
261 S. C. 257, 199 S. E. (2d) 719 (1973); *Pee Dee State Bank v.
Prosser*, 295 S. C. 229, 367 S. E. (2d) 708 (Ct. App. 1988).
Nothing in the record suggest that Adams agreed to dissolve
his cost-plus contract with the general contractor. The
$2500.00 figure Adams submitted was merely an estimate
and cannot reasonably be characterized as a substituted
agreement to perform his services for a fixed fee.

B & D next claims the referee erred in finding that B & D and McGee & Sons operated under a mistake of fact at the time "final payment" was made. We disagree.

An action to foreclose a mechanic's lien is a law case in this State. *Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394 (1909); *Karl Sitte Plumbing v. Darby Development Co.,* 295 S. C. 70, 367 S. E. (2d) 162 (Ct. App. 1988). In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence reasonably supporting them. The rule is the same whether the judge's findings are made with or without a reference. The judge's findings are equivalent to a jury's findings in a law action. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

This case was refereed by the circuit court to the special referee, with a specific provision for direct appeal from the referee to this Court. We are therefore bound by the referee's findings if there is evidence reasonably supporting them in the record.

Adams testified that he told Mr. McGee that he would be unable to give an accurate estimate because he had not yet been billed for all materials used on the project. Adams also testified that he submitted the $2500.00 figure not as a completion estimate, but merely as an estimate of labor and materials costs he had incurred through March 25. This testimony amply supports the referee's factual finding that both B & D and McGee & Sons made "final payment" under the mistaken belief that Adams's $2500.00 estimate was a completion estimate.

B & D next argues that the mechanic's lien was not established because S. C. Code Ann. § 29-7-10 (Supp. 1988) requires McGee & Sons, as general contractor, to pay Adams. Section 29-7-10 mandates that

[a]ny contractor in the erection, alteration or repairing of buildings in this State shall pay all laborers, subcontractors and materialmen for their lawful services and material furnished out of the money received for the erection, alteration or repairs of buildings upon which such laborers, subcontractors and materialmen

> are employed or interested and such ... subcontractors ... shall have a first lien on the money received by such contractor ...

Section 29-7-10 and the penalty provisions immediately following in § 29-7-20 clearly contemplate the case where a general contractor is paid by an owner for renovations or repairs, then withholds payment from a subcontractor. That is not the case here. There has been no allegation that McGee & Sons accepted funds from B & D and then withheld them from Adams. Adams submitted to McGee & Sons a $2500.00 estimate: McGee & Sons in turn paid Adams $2500.00 of the funds McGee & Sons received from B & D. McGee & Sons did not learn of Adams's additional charges until two weeks after the $2500.00 payment. The statute is therefore inapplicable.

For the foregoing reasons, we affirm the referee's conclusion that Adams established a valid mechanic's lien against B & D's interest in the property. We agree, however, that B & D's contention that the referee erred in failing to rule on B & D's cross-claim against McGee & Sons for indemnification. The cross-claim was pleaded in B & D's answer and raised at trial, but the referee's order is silent on the issue. Based on the facts in this record, we conclude that B & D is entitled to a ruling on its cross-claim. Accordingly, that issue is remanded for consideration by the referee.

B & D's remaining exceptions are dismissed pursuant to Supreme Court Rule 23.

Affirmed in part; remanded in part.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.