PER CURIAM: DK Construction Company of North Carolina sought foreclosure 
of a valid mechanics lien against First Calvary Bap

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Curley Wilson Green,       
Plaintiff,
 
 
 

v.

 
 
 
First Calvary Baptist Church of Rock Hill,       
Defendant and Third party Plaintiff,
 
 
 

v.

 
 
 
D.K. Construction Company of North Carolina, Inc.,       
Third Party Defendant,
Of whom First Calvary Baptist Church of Rock Hill is the,       
Appellant,
And D.K. Construction Company of North Carolina, Inc., is the,       
Respondent.
 
 
 

Appeal From York County
John Buford Grier, Master-In-Equity

Unpublished Opinion No. 
2004-UP-544
Submitted October 1, 2004  Filed October 
 26, 2004 

AFFIRMED

 
 
 
William E. Whitney, Jr., of Union, for Appellant.
Wesley Dickinson Peel, of Columbia, for Respondent.
 
 
 

PER CURIAM:  DK Construction Company (DK) 
 of North Carolina sought foreclosure of a valid mechanics lien against First 
 Calvary Baptist Church (First Calvary).  First Calvary raised defenses related 
 to setoff and indefiniteness.  The master-in-equity rejected the defenses and 
 foreclosed the mechanics lien in favor of DK Construction.  First Calvary argues 
 the trial court erred in foreclosing the mechanics lien.  We affirm. 
  FACTS/PROCEDURAL
HISTORY 
 This action arises out of the 
 construction of the First Calvary Baptist Church in Rock Hill, South Carolina.  
 The parties settled all claims with the first party Plaintiff Curley Wilson 
 Green prior to trial.  
 First Calvary contracted with R. Jones 
 Construction Company, Inc. a/k/a Quad-State Group (Jones) to design and build 
 a new church building for the parish.  Jones encountered difficulties in completing 
 the construction project due to financial problems.  The project was already 
 behind the original schedule by the time Jones, as general contractor, contracted 
 with subcontractor DK Construction to provide all labor and materials necessary 
 to finish the project under Jones supervision.  All the parties were aware 
 of the project delays at the time that DK began work on the project.  No evidence 
 indicated that First Calvary intended to assess delay damages against the 
 contractors at the time DK entered the project.  
 DK contracted to complete the work for Jones 
 for the remaining contract balance, including the retainages held by First 
 Calvary.  Moreover, by agreement of DK, Jones, and First Calvary, DK would 
 be paid for additional work outside of the subcontract by change orders approved 
 by the project architect.  At the time DK subcontracted with Jones the only 
 work completed on the project was the foundation, slab, and plumbing work. 
 
 DK satisfactorily performed its obligation under 
 the contract with Jones and the project architect approved DKs work on the 
 project.  DK presented its final bill to First Calvary through Jones in the 
 amount of $52,436.00.  The amount of the final bill consisted of $12,886.00 
 in change orders and $39,550.00 in work related to the original contract.  
 Moreover, the project architect approved DKs final request for payment in 
 the amount of $52,436.00.  Neither Jones nor DK received the final payment 
 due from First Calvary.  First Calvary concedes that it owes DK the $12,886.00 
 from the final change order.  First Calvary also holds $39,550.00 related 
 to the original contract.  
 First Calvary asserted at trial the defenses 
 of setoff and delay to DKs mechanics lien.  The court found that based upon 
 the testimony, DK agreed to perform work for Jones for the remaining contract 
 balance including any retainages held by First Calvary and that the retainages 
 were owed to DK under that contract.  The trial court also concluded as a 
 matter of law that DK filed and perfected a mechanics lien pursuant to section 
 29-5-20 of the South Carolina Code (Supp. 2003) and is entitled to foreclose 
 on the lien in the amount of $52,436.00 plus interest, costs, and attorneys 
 fees.  The court rejected the defenses of setoff and delay.  First Calvary 
 appeals only the amount foreclosed under the mechanics lien [1] .  We affirm.      
STANDARD OF REVIEW
 An action to foreclose a mechanics 
 lien is an action at law in South Carolina.  Keeneys Metal Roofing, Inc. 
 v. Palmieri, 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App. 2001).  
 In an action at law, tried without a jury, the judges findings will not be 
 disturbed by the appellate court unless they are without evidentiary support.  
 King v. PYA/Monarch, Inc., 317 S.C. 385, 388, 453 S.E.2d 885, 
 888 (1995).  The judges findings are equivalent to those of a jury in an 
 action at law.  Id. at 389, 453 S.E.2d at 888.  
 LAW/ANALYSIS
 The issue before this court is whether 
 the trial court erred in foreclosing DKs mechanics lien.  The South Carolina 
 Mechanics Lien Statute provides that [e]very laborer, mechanic, subcontractor, 
 or person furnishing material for the improvement of real estate when the 
 improvement has been authorized by the owner has a lien thereon, subject . 
 . . to the value of the labor or material so furnished . . . .  S.C. Code 
 Ann. § 29-5-20 (Supp. 2003).  Section 29-5-20 protects the mechanic or supplier 
 who deals with a general contractor or some person other than the owner or 
 his agent.  T.W. Morton Builders, Inc. v. von Buedingen, 316 S.C. 388, 
 400, 450 S.E.2d 87, 94 (Ct. App. 1994) (A manifest purpose of Section 29-5-20 
 is the protection of one not a party to a contract with the owner, who furnishes 
 labor or material in the improvement of the owners property, by giving him 
 a lien for such labor or material.).  
 First Calvarys main argument is that 
 the trial court erred in foreclosing the mechanics lien since the lien was 
 not related to work performed or materials provided by DK and, therefore, 
 outside the definition provided in Section 29-5-20.  We find this argument 
 to be without merit.  There is ample evidence in the record to support the 
 courts decision that the amount of the lien related directly to DKs work 
 performed and materials furnished for the benefit of First Calvary.  
 Jones brought DK into the project to furnish 
 all labor and materials necessary for the completion of the church.  DK performed 
 its obligation under the contract with Jones and the project architect approved 
 DKs work on the project.  First Calvary admits holding the contract balance 
 due to Jones, which, in turn, is owed to DK pursuant to DKs subcontract.  
 We find that the master-in-equity correctly foreclosed the lien in the amount 
 of $52,436.00. [2] 
 AFFIRMED.     
 STILWELL, BEATTY, AND SHORT, JJ., 
 concur.

 
 
 [1] First Calvary does not appeal any issues relating to their defenses 
 of setoff or the award of attorneys fees, interest, and costs.

 
 
 [2] In the Appellants Brief, First Calvary also contends that the trial 
 court erred in awarding damages on the basis of quantum meruit.  
 Since we held that the trial court properly foreclosed the mechanics lien 
 of DK for the full amount sought, we need not address this issue.  Moreover, 
 the trial court did not award damages based on quantum meruit; 
 the sole basis of recovery for DK was limited to foreclosure of the mechanics 
 lien.  Therefore, the issue is manifestly without merit.  Rule 220(b)(2), 
 SCACR.