635 S.E.2d 922

EFCO Corporation, Appellant,

v.

RENAISSANCE ON CHARLESTON HARBOR, LLC, Estates Management Company, Bovis Lend Lease, Inc., Phoenix Contract Glass, LLC, National Grange Mutual Insurance Company, Harbor Sales, LLC, Point Sales, LLC, Edward Strom a/k/a Edward T. Strom, and Robert M. Mundy, Jr., Respondents.

No. 4155.

Court of Appeals of South Carolina.

Oct. 2, 2006.

Submitted Sept. 1, 2006.

Decided Oct. 2, 2006.

614

Clifford O. Koon, Paul D. de Holczer, and Mary Frances Gibson, all of Columbia, for Appellant.

Henry W. Brown and William D. Britt, Jr., both of Columbia, for Respondents Renaissance on Charleston Harbor, LLC, Estates Management Company, Harbor Sales, LLC, Point Sales, LLC, Edward Strom a/k/a Edward T. Strom, and Robert M. Mundy, Jr.

C. Allen Gibson, Jr. and James E. Weatherholtz, both of Charleston, for Respondent Bovis Lend Lease, Inc.

M. Baron Stanton, of Columbia, for Respondent Phoenix Contract Glass, LLC.

Francis Marion Mack, of Columbia, for Respondent National Grange Mutual Insurance Company.

GOOLSBY, J.:

The circuit court dismissed EFCO Corporation's claim for a mechanic's lien against Renaissance on Charleston Harbor, LLC, and thereafter awarded Renaissance attorney fees and costs pursuant to section 29–5–10(a) of the South Carolina

Code.[1] EFCO appeals the award of attorney fees and costs, arguing (1) Renaissance was not a prevailing party as required by the statute and (2) the amount of fees awarded was excessive. We affirm.[2]

## FACTS

In August 2001, Renaissance hired a general contractor, Bovis Lend Lease, Inc., to develop a condominium project in Mount Pleasant, South Carolina. Bovis, in turn, hired multiple subcontractors, including Phoenix Contract Glass, LLC, to build various portions of the project. Phoenix purchased supplies and materials from EFCO for the construction of its portion of the project. EFCO is a manufacturer and supplier of architectural windows and framing systems.

On February 4, 2002, EFCO filed a mechanic's lien ("Lien One") in the amount of $772,841.00 on the condominium property for "materials and/or labor ... furnished pursuant to an agreement with PHOENIX CONTRACT GLASS." Renaissance "bonded off" Lien One by filing a bond with the Charleston County Clerk of Court in April 2002.[3] EFCO did not immediately move to foreclose its lien. Instead, it commenced a debt collection action on Lien One in Richland County on January 8, 2003.

On June 10, 2003, EFCO filed a new mechanic's lien ("Lien Two") in Charleston County for the sum of $793,428.48 as a result of Phoenix's installation of additional EFCO product in the condominium project during March 2003. This sum allegedly included amounts due under Lien One. EFCO then filed a debt collection action on Lien Two in Charleston County on August 5, 2003 and also moved to foreclose Lien Two. EFCO's Richland County action was consolidated with this matter.

---

1. S.C.Code Ann. § 29–5–10(a) (Supp.2005).

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

3. *See* S.C.Code Ann. § 29–5–110 (Supp.2005) (stating a property owner or anyone having an interest in the subject property may secure the discharge of the property from the lien by filing an appropriate bond; the bond then takes the place of the property to secure the lien).

Renaissance filed a motion for summary judgment on October 24, 2003, alleging, among other things, that Lien One should be dissolved because EFCO failed to bring an action to foreclose this lien within six months as required by section 29-5-120 of the South Carolina Code.[4] The circuit court agreed, finding EFCO did not timely file the foreclosure action, and granted Renaissance summary judgment as to Lien One; all other causes of action were allowed to proceed.

Renaissance thereafter filed a motion for attorney fees and costs. The circuit court found Renaissance was the "prevailing party" as required for an award of attorney fees under section 29-5-10(a)[5] and awarded Renaissance attorney fees and costs in the amount of $10,434.00. EFCO appeals.

## STANDARD OF REVIEW

The foreclosure of a mechanic's lien is an action at law in South Carolina.[6] "In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence reasonably supporting them."[7] "The judge's findings are equivalent to a jury's findings in a law action."[8]

## LAW/ANALYSIS

### I. Prevailing Party

EFCO first argues the circuit court erred in awarding Renaissance attorney fees and costs because Renaissance

---

4. Section 29-5-120 provides as follows: *"Unless a suit for enforcing the lien is commenced,* and notice of pendency of the action is filed, *within six months* after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures, *the lien shall be dissolved."* S.C.Code Ann. § 29-5-120 (1991) (emphasis added).

5. S.C.Code Ann. § 29-5-10(a) (Supp.2005).

6. *Adams v. B & D, Inc.,* 297 S.C. 416, 377 S.E.2d 315 (1989); *Keeney's Metal Roofing, Inc. v. Palmieri,* 345 S.C. 550, 548 S.E.2d 900 (Ct.App. 2001).

7. *Adams,* 297 S.C. at 420, 377 S.E.2d at 317.

8. *Id.*

could not be deemed a "prevailing party" under the mechanic's lien statute. Specifically, EFCO contends (a) Renaissance prevailed in its motion for summary judgment as to Lien One based on a mere technicality, not the merits, and (b) Renaissance might not prevail on the other causes of action that are still pending. We disagree.

"The determination of who is a prevailing party for the purposes of an award of costs is committed to the sound discretion of the trial court." [9] "An abuse of discretion occurs either when a court is controlled by some error of law, or where the order is based upon findings of fact lacking evidentiary support." [10]

■ The general rule in South Carolina is that attorney fees are not recoverable unless they are authorized by contract or by statute.[11] There is no right under the common law to attorney fees.[12] It is undisputed that the mechanic's lien statute at issue here specifically authorizes the recovery of attorney fees and costs. Section 29–5–10(a) provides in relevant part as follows:

A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate ... shall have a lien upon the building or structure and upon the interest of the owner of the building or structure in the lot of land upon which it is situated to secure the payment of the debt due to him. *The costs which may arise* in enforcing or *defending against the lien* under this chapter, *including a reasonable attorney's fee,* may be recovered by the *prevailing party.*[13]

9. 20 Am. Jur. 2d *Costs* § 11 (2005); *see also* 20 C.J.S. *Costs* § 126 (1990).

10. *Patel v. Patel,* 359 S.C. 515, 529, 599 S.E.2d 114, 121 (2004).

11. *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E.2d 659 (1993); *Hegler v. Gulf Ins. Co.,* 270 S.C. 548, 243 S.E.2d 443 (1978).

12. *Prevatte v. Asbury Arms,* 302 S.C. 413, 396 S.E.2d 642 (Ct.App.1990).

13. S.C.Code Ann. § 29–5–10(a) (Supp.2005) (emphasis added).

■ Our supreme court has defined a "prevailing party" as "one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered." [14] "[I]n a mechanic's lien action the defendant is entitled to an award of attorney fees as the prevailing party if it is determined that a mechanic's lien cannot be enforced against it." [15]

### a. Merits of the Action

■ The definition of a prevailing party "clearly envisions a victory to some degree on the merits." [16] "Where the word 'merits' is used when referring to a case having been decided on the merits, it embraces a consideration of substance, not of form; of legal rights, not of mere defects of procedure or the technicalities thereof." [17]

In the current appeal, the circuit court granted summary judgment in favor of Renaissance as to Lien One primarily because EFCO did not bring a foreclosure action within six months of filing its lien as required by statute. "Statutes of

---

14. *Heath v. County of Aiken*, 302 S.C. 178, 182–83, 394 S.E.2d 709, 711 (1990) (alteration in original) (quoting *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964)); *see also Seckinger v. The Vessel Excalibur*, 326 S.C. 382, 483 S.E.2d 775 (Ct.App.1997) (observing this definition of a prevailing party is applied in the context of statutes allowing attorney fees).

15. *Seckinger*, 326 S.C. at 388, 483 S.E.2d at 778; *see also Cedar Creek Props. v. Cantelou Assocs.*, 320 S.C. 483, 486, 465 S.E.2d 774, 776 (Ct.App.1995) (finding a property owner who filed a complaint to dissolve a mechanic's lien was the prevailing party where the contractor filed a cancellation of the lien).

16. *Jasper County Bd. of Educ. v. Jasper County Grand Jury*, 303 S.C. 49, 52, 398 S.E.2d 498, 500 (1990).

17. 26C Words and Phrases *Merits* 494 (2003) (referencing *Columbia Parcar Corp. v. Arizona Dep't of Transp.*, 193 Ariz. 181, 971 P.2d 1042 (Ct.App.1999)); *see also id.* ("As a technical legal term, 'merits' has been defined as a matter of substance in law as distinguished from matters of form, and as the real or substantial grounds of action or defense, in contradistinction to some technical or collateral matter raised in the course of the suit.") (referencing *Wolfe v. Ga. Ry. & Elec. Co.*, 6 Ga.App. 410, 65 S.E. 62 (1909)).

limitations are not simply technicalities." [18] We find Renaissance was a prevailing party because it successfully defended the action based on EFCO's failure to comply with what, in essence, amounted to a statute of limitations.[19] This finding is in line with prior case law. For example, in *Keeney's Metal Roofing, Inc. v. Palmieri*[20] we held "a party may recover attorney's fees and costs under § 29–5–20(A) [21] as a 'prevailing party' even though the party obtained a dismissal via a procedural rule, provided the dismissal was not due to [a] mere technicality." [22]

We noted in *Keeney* that "although Appellants were dismissed pursuant to a procedural rule, the dismissal was not on a mere technicality. Instead, Appellants prevailed because, *as a matter of law,* they could not be held liable for the damages Keeney sought under any circumstance." [23] Similarly, in the

18. *City of North Myrtle Beach v. Lewis–Davis,* 360 S.C. 225, 231, 599 S.E.2d 462, 465 (Ct.App.2004) (citing 54 C.J.S. *Limitations of Actions* § 2, at 16–17 (1989)).

19. *Cf. Cedar Creek Props.,* 320 S.C. at 486, 465 S.E.2d at 775–76 (holding a property owner who took affirmative steps to dissolve a contractor's mechanic's lien was a prevailing party entitled to attorney fees and costs even though the contractor voluntarily cancelled the lien because the contractor did so only after the property owner instituted its action and it still had to defend against the lien until the issue was resolved; the court noted the legislative intent in allowing a prevailing party to recover attorney fees and costs stems from a desire to deter both wrongful filing of liens and unjustified refusal to pay debts subject to mechanic's liens); 33B Words and Phrases *Prevailing Party* 242 (2006) (referencing *Cedar Creek Props. v. Cantelou Assocs.,* 320 S.C. 483, 465 S.E.2d 774 (Ct.App.1995)).

20. 345 S.C. 550, 548 S.E.2d 900 (Ct.App.2001). In *Keeney* the mechanic's lien could not be enforced because a bond had been executed and, under section 29–5–110, the surety bond took the place of the property upon which the lien existed. *Id.* at 554–55, 548 S.E.2d at 902.

21. Although the court in *Keeney* was analyzing section 29–5–20(A) instead of section 29–5–10(a) as in the present case, both sections provide similar rules for awarding attorney fees to the prevailing party. The only difference in the two sections is that the former concerns liens filed by subcontractors and suppliers, whereas the latter addresses liens filed by persons furnishing labor and materials and also addresses settlements to enforce liens.

22. *Id.* at 556, 548 S.E.2d at 903.

23. *Id.* at 555, 548 S.E.2d at 902–03.

current appeal, Renaissance could not held liable because, as a matter of law, the time for enforcing the lien had already expired.

### b. Other Pending Claims

 To the extent EFCO further asserts the circuit court erred in finding Renaissance was a prevailing party because several causes of action are still pending, we find no error. Section 29–5–10(b) of the South Carolina Code provides in relevant part: "For purposes of the award of attorney's fees, the determination of the prevailing party is based on one verdict in the action." [24] Under the mechanic's lien statute, a party who successfully defends a claim for a lien is entitled to recover attorney fees regardless of the outcome of any remaining causes of action.[25] The fees are limited, however, to those actually incurred in defending the lien.[26] Accordingly, we find the circuit court did not err in awarding attorney fees to Renaissance relating to its defense of the mechanic's lien claim.

### II. Amount of Attorney Fees Awarded

 EFCO next argues that, even if Renaissance was properly deemed a prevailing party, the circuit court abused its

---

24. S.C.Code Ann. § 29–5–10(b) (Supp.2005).

25. *See Utils. Constr. Co. v. Wilson*, 321 S.C. 244, 249–50, 468 S.E.2d 1, 3–4 (Ct.App.1996) (upholding an award of attorney fees to a property owner who successfully defended a contractor's claim for a mechanic's lien, even though the owner lost on the contractor's claims for unjust enrichment and breach of contract; we noted the trial court had directed a verdict on the mechanic's lien to the owner and, under the mechanic's lien statute, a party is entitled to recover attorney fees if the party prevails in defending the lien); 33B Words and Phrases *Prevailing Party* 242 (2006) (stating a "[p]arty need not be successful as to all issues in order to be found to be a 'prevailing party' for purposes of [an] attorney fee award" (referencing *Seckinger v. The Vessel Excalibur*, 326 S.C. 382, 483 S.E.2d 775 (Ct.App.1997))).

26. *Cedar Creek Props.*, 320 S.C. at 487, 465 S.E.2d at 776 (stating the amount of attorney fees should be limited to those actions specifically involving the mechanic's lien); *see also* 20 C.J.S. *Costs* § 126 (1990) ("Where a party is successful on some claims but not others, he may be considered a prevailing party, but is entitled to an award only for fees generated in connection with the successful claims . . . ." (footnote omitted)).

discretion in granting attorney fees to Renaissance because the amount of the award was excessive. We disagree.

■ The determination of the amount of attorney fees that should be awarded under the mechanic's lien statute is addressed to the sound discretion of the trial court.[27] The court's decision will not be disturbed on appeal absent an abuse of discretion.[28]

■ "[T]he court should consider the following six factors when determining a reasonable attorney's fee: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services." [29] "[O]n appeal, an award for attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor." [30]

In this case, the circuit court considered each of the requisite factors and the record supports the court's findings. Initially, we note Renaissance provided a detailed time sheet outlining the time spent on, and the tasks performed for, this case. We agree with the circuit court's determination that the total fee is reasonable in light of the nature of the work performed and the time it took to prepare the case. In addition, Renaissance obtained a beneficial result when the circuit court granted summary judgment to it and dissolved Lien One. Further, the circuit court considered the fees customarily charged in the locality and determined the award was reasonable for defending a lien of approximately $772,841.00 and was related solely to the defense of the mechanic's lien claim. The remaining factors were not in dispute. We therefore find the circuit court did not abuse its discretion in awarding Renaissance attorney fees and costs in the amount of $10,434.00.

---

27. *Keeney's Metal Roofing, Inc.,* 345 S.C. at 553, 548 S.E.2d at 901.

28. *Id.; see also Zepsa Constr., Inc v. Randazzo,* 357 S.C. 32, 40, 591 S.E.2d 29, 33 (Ct.App.2004); 56 C.J.S. *Mechanics' Liens* § 436 (1992).

29. *Jackson v. Speed,* 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) (citing *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 427 S.E.2d 659 (1993)).

30. *Id.*

## CONCLUSION

Based of the foregoing, we hold Renaissance was the prevailing party under the mechanic's lien statute and the award of attorney fees and costs in the amount of $10,434.00 was not excessive. Accordingly, the order of the circuit court is

**AFFIRMED.**

BEATTY and WILLIAMS, JJ., concur.