THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 First South
 Bank, Appellant,
 v.
 Selective Project
 Management, Inc. d/b/a Selective Project Management, LLC, J. Michael Leath,
 and Ann K. Leath, Defendants,
 Of whom
 Ann K. Leath is Respondent.
 
 
 

Appeal From Richland County
 James R. Barber, III, Circuit Court Judge
Unpublished Opinion No. 2008-UP-329
Submitted May 1, 2008  Filed June 30,
 2008    
AFFIRMED IN PART, REVERSED IN PART, 
AND REMANDED

 
 
 
 Donald W. Tyler and Donald W. Tyler, Jr., of Columbia, for
 Appellant.
 Todd R. Ellis and R. Trippett Boineau, III, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: 
 First South Bank (First South) appeals the trial courts order granting
 attorneys fees, arguing the order failed to award First South legal costs and attorneys
 fees incurred in bringing an action to set aside a fraudulent conveyance of
 property.  We affirm in part, reverse in part, and remand.[1]
FACTS
In
 2002, First South loaned $80,000 to Selective Project Management, Inc.
 (Selective Project), and as a condition of the loan, First South required Ann Leath
 to sign and execute a guaranty for all present and future obligations of
 Selective Project.[2] 
 The guaranty provided Leaths liability was unlimited and First South may at
 any time or from time to time [] make loans or extend other accommodations to
 or for the account of Selective Project.  The guaranty further provided Leath
 was liable for all indebtedness, without any limitation as to amount [], plus
 accrued interest thereon and all attorneys fees, collection costs and
 enforcement expenses referable thereto.  Selective Project failed to make the
 required principal and interest payments due under the Note on March 5, 2003.  Therefore,
 on May 19, 2003, First South filed a complaint in Richland County to collect payment on the delinquent Note.  
On April 26, 2006, the trial court granted summary judgment to
 First South and required Leath to pay First South $104,065.91, plus attorneys
 fees and costs (to be awarded by subsequent order).  The next month, Leath filed
 a motion to reconsider pursuant to Rules 52 and 59(e), SCRCP; however, the motion
 was denied.
After Leath was ordered to pay First South for the debt on the
 Note, on July 3, 2006, Leath transferred real property she owned to her son,
 Joseph Leath, for the sum of One and 00/100 ($1.00) Dollar and Love and
 Affection.  As a result, First South filed a complaint in Lexington County against Leath for fraudulently conveying her property to her son, and seeking
 an injunction to prevent the committing of waste to the property and litigation
 costs.
After a hearing on November 21, 2006, the trial court issued an
 order dated December 19, 2006, awarding First South attorneys fees in the
 amount of $12,000.  However, the order did not specifically mention an amount
 for legal costs, which the April 26, 2006 order had awarded First South.  Thus,
 First South filed a motion to alter or amend the courts December order,
 arguing the court failed to set an amount for legal costs to be awarded to
 First South.  First South also argued the court failed to address whether the
 award includes attorneys fees incurred in bringing the related action in Lexington County to set aside Leaths fraudulent conveyance.  The court denied First
 Souths motion on March 9, 2007.  This appeal followed.        
STANDARD OF REVIEW
In an
 action at law to recover on a guaranty, our scope of review extends only to the
 correction of errors at law and does not permit an entry of an original
 judgment.  S. Bank & Trust Co. v. Harley, 295 S.C. 423, 424, 368
 S.E.2d 908, 909 (1988).
LAW / ANALYSIS
I.  Attorneys Fees
First
 South argues the trial court erred by failing to award attorneys fees incurred in bringing the related
 action in Lexington County to set aside Leaths fraudulent conveyance of her
 property to her son.  We disagree.
The decision to award attorneys fees is a matter within the
 sound discretion of the trial judge and the award will not be reversed on appeal
 absent an abuse of discretion.  Marquez v. Caudill, 376 S.C. 229, 246, 656
 S.E.2d 737, 745 (2008); see Keeneys Metal Roofing, Inc. v. Palmieri,
 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App. 2001).  The factors used to determine
 a reasonable attorneys fee are: (1) the nature, extent, and difficulty of the
 case; (2) the time necessarily devoted to the case; (3) professional standing
 of counsel; (4) contingency of compensation; (5) beneficial results obtained; and
 (6) customary legal fees for similar services.  EFCO Corp. v. Renaissance on
 Charleston Harbor, LLC, 370 S.C. 612, 621, 635 S.E.2d 922, 926 (Ct. App.
 2006).  [O]n appeal, an award for attorneys fees will be affirmed so long as
 sufficient evidence in the record supports each factor.  Jackson v.
 Speed, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997).
In the December 19, 2006 order, the court awarded First South
 $12,000 in attorneys fees, which was less than the $31,449.75 First South
 requested.  The court stated, [a]fter listening to the testimony given as well
 as reviewing the affidavits and invoices, it is the Courts conclusion that the
 proposed attorneys fees in the case are not reasonable and as such must be
 reduced.  The court further found the case was simple, the billing procedure
 [did] not accurately reflect the time spent on every matter and [was]
 unreasonable due to the fact the attorneys were well-qualified and
 experienced, and customary legal fees for [this type of case] are a small
 percentage of the total amount owed.  The court also was aware of the existence
 of the fraudulent conveyance action when the court awarded the attorneys fees
 because the court dissolved the temporary injunction issued in that action.  Additionally,
 First South raised the issue of attorneys fees for the fraudulent conveyance
 action in its motion to reconsider and First South previously argued the issue
 before the court during a November 21, 2006 hearing.
The trial court considered the appropriate factors in awarding
 attorneys fees.  Also, the court considered the attorneys fees for the
 fraudulent conveyance action.  Accordingly, we affirm on this issue.
II.  Litigation Costs
First South argues the trial court erred by failing to award costs
 as provided for in the order granting summary judgment to First South.  We agree.
An appellate court will not overturn a trial courts decision to
 award costs unless there has been an abuse of discretion.  Peterson v. Natl
 R.R. Passenger Corp., 365 S.C. 391, 402, 618 S.E.2d 903, 908 (2005).
 The guaranty Leath signed provided she was liable for all
 indebtedness, without any limitation as to amount [], plus accrued interest
 thereon and all attorneys fees, collection costs and enforcement expenses
 referable thereto.  Additionally, the April 26, 2006 order states, First
 South is awarded judgment, in an amount to be determined at a future date, for
 its attorneys fees, collection costs and enforcement expenses.  See Order, p. 5.  The order further states First South is awarded a total of
 [$104,065.91], plus attorneys fees and costs (to be awarded by subsequent
 order).  First South requested $2,985.47 in costs; however, the trial court
 did not award any costs in its December 19, 2006 order.  Additionally, First
 South raised the issue of costs in its motion to reconsider.  Therefore, we
 find the trial court erred by failing to award costs to First South and remand
 this issue for a determination on costs.       
CONCLUSION
Accordingly,
 the judgment of the trial court is 
AFFIRMED
 IN PART, REVERSED IN PART, and REMANDED.
HEARN,
 C.J., and SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Michael Leath, Leaths ex-husband, also signed a
 guaranty, but it is not at issue in this case because First South determined
 Selective Project and Michael Leath had no assets and a default judgment
 against them would be uncollectible.