THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Swamp Fox
 Utilities, LLC, Appellant,
 
 
 

v.

 
 
 
 FS&S Holding,
 Inc. and Nationwide Insurance Company, Defendants,
 Of whom
 FS&S Holding,
 Inc. is the Respondent.
 
 
 

Appeal from Berkeley County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2012-UP-335   
Submitted May 1, 2012 – Filed May 30,2012

AFFIRMED

 
 
 
 Steven L. Smith, of Charleston, for
 Appellant.
 Thomas Bailey Smith, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Swamp Fox Utilities, LLC appeals the trial court's award of attorney's fees to
 FS&S Holding, Inc. as the prevailing party in this mechanic's lien action,
 arguing the award was improper because the amount of the award was excessive.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: EFCO Corp. v. Renaissance on Charleston
 Harbor, LLC, 370 S.C. 612, 621, 635 S.E.2d 922, 926 (Ct. App. 2006)
 ("The determination of the amount of attorney['s] fees that should be
 awarded under the mechanic's lien statute is addressed to the sound discretion
 of the trial court.  The court's decision will not be disturbed on appeal
 absent an abuse of discretion." (footnote omitted)); Keeney's Metal
 Roofing, Inc. v. Palmieri, 345 S.C. 550, 553, 548 S.E.2d 900, 901 (Ct. App.
 2001) ("An abuse of discretion occurs when, inter alia, the
 trial [court]'s ruling is based upon an error of law."); EFCO, 370 S.C.
 at 621, 635 S.E.2d at 926 (providing the trial court should consider the
 following six factors in awarding reasonable attorney's fees: "(1) the
 nature, extent, and difficulty of the case; (2) the time necessarily devoted to
 the case; (3) professional standing of counsel; (4) contingency of
 compensation; (5) beneficial results obtained; and (6) customary legal fees for
 similar services" (internal quotation marks omitted)); id. at 621,
 635 S.E.2d at 927 (holding an award for attorney's fees, on appeal, will be
 affirmed so long as sufficient evidence in the record supports each
 factor).        
AFFIRMED.
PIEPER, KONDUROS,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.