**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Crenshaw's TV and Radio Service, Inc., d/b/a Crenshaw's TV & Appliance, Respondent,

v.

Jocassee Partners Holdings, LLC Individually and d/b/a The Jocassee Club and Bank of Travelers Rest, Defendants,

Of whom Jocassee Partners Holdings, LLC Individually and d/b/a The Jocassee Club is Appellant.

Appellate Case No. 2010-175307

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2012-UP-610
Heard October 3, 2012 – Filed November 14, 2012

**REVERSED AND REMANDED**

Violet Elizabeth Wright and T.S. Stern, Jr. of Covington Patrick Hagins Stern & Lewis, P.A. of Greenville, for Appellant.

James W. Logan of Logan Jolly & Smith, LLP of
Anderson, for Respondent.

---

**PER CURIAM:**  Jocassee Partners Holdings, LLC (Jocassee) appeals the trial
court's grant of summary judgment to Crenshaw's TV and Radio (Crenshaw) on its
mechanic's lien foreclosure action and the award of costs and attorney's fees to
Crenshaw.  We reverse and remand to the trial court for an award of reasonable
attorney's fees to Jocassee as the prevailing party.

Jocassee argued that the trial court erred in finding Crenshaw was the prevailing
party and in awarding Crenshaw attorney's fees under section 29-5-20 of the South
Carolina Code (2007) when Jocassee had previously tendered the full amount of
the mechanic's lien, the final half of which Crenshaw had refused before it
commenced foreclosure proceedings.

As a general rule, attorney's fees are not recoverable unless authorized by contract
or statute.  *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660
(1993).  Under the mechanic's lien statute, attorney's fees are awarded by the court
only if there is an action filed with the court.  S.C. Code Ann. § 29-5-20 (A)
(2007).  The court may award to the prevailing party

> the costs of the action and a reasonable attorney's fee
> which must be *determined by the court in which the
> action is brought* but only if the party seeking to enforce
> the lien prevails.  If the *party defending against the lien
> prevails, the defending party must be awarded* costs of
> the action and a reasonable attorney's fee as determined
> by the court.

*Id*.  (emphasis added).

> Our supreme court has defined a "prevailing party" as
> "one who successfully prosecutes the action or
> successfully defends against it, prevailing on the main
> issue, even though not to the extent of the original
> contention [and] is the one in whose favor the decision or
> verdict is rendered and judgment entered."

*EFCO Corp. v. Renaissance on Charleston Harbor, LLC*, 370 S.C. 612, 618, 635 S.E.2d 922, 925 (Ct. App. 2006) (quoting *Heath v. County of Aiken,* 302 S.C. 178, 182-83, 394 S.E.2d 709, 711 (1990)).

"Clearly, the intent of the legislature in allowing the prevailing party in an action brought under the mechanic's lien statute to recover attorney fees and costs stems from a desire to deter both wrongful filing of liens and unjustified refusal to pay debts subject to mechanic's liens." *Cedar Creek Properties v. Cantelou Associates, Inc.*, 320 S.C. 483, 486, 465 S.E.2d 774, 775 (Ct. App. 1995).

In this case the lien was properly filed, but Crenshaw did not accept payment of the debt and refused to accept the second half of the payment for the mechanic's lien after previously accepting the first half. At that point in time, Crenshaw was not entitled to costs and fees. In defending the foreclosure action against the improper addition of costs and fees, Jocassee should have been the prevailing party and awarded attorney's fees. *See* § 29-5-20 (A) (stating the party defending against the lien prevails, the defending party must be awarded costs of the action and a reasonable attorney's fee as determined by the court).

**REVERSED AND REMANDED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**