**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Charles Bickerstaff, M.D., and Barbara Magera, M.D.,
Appellants,

v.

Roger Prevost d/b/a Prevost Construction, Inc.,
Respondent.

Appellate Case No. 2016-000879

———————

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-457
Submitted November 1, 2017 – Filed December 6, 2017

———————

**AFFIRMED**

———————

Steven L. Smith and Samuel Melvil Wheeler, both of
Smith Closser, of Charleston, for Appellants.

Frank M. Cisa, of The Law Firm of Cisa & Dodds, LLP,
of Mt. Pleasant, for Respondent.

———————

**PER CURIAM:** Charles Bickerstaff and Barbara Magera (collectively "Homeowners") appeal the circuit court's order, arguing the circuit court erred in finding (1) Homeowners waived their constitutional and public policy arguments

regarding the interest provision of the contract and (2) the post-judgment interest rate was "within legal limits." We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

As to Issue 1: *Renaissance Enters., Inc. v. Ocean Resorts, Inc.*, 326 S.C. 460, 466, 483 S.E.2d 796, 799 (Ct. App. 1997), *rev'd on other grounds*, 334 S.C. 324, 513 S.E.2d 617 (1999) ("[O]ur [s]upreme [c]ourt [has] held the statutory interest rate under § 34-31-20(B) *is applicable only in the absence of a written agreement* between the parties fixing a different rate of interest." (emphasis added)); *Turner Coleman, Inc. v. Ohio Constr. & Eng'g, Inc.*, 272 S.C. 289, 292, 251 S.E.2d 738, 740 (1979) ("If the parties agree that a higher rate of interest than the legal, or statutory rate is to be paid after maturity, the agreement of the parties controls."); Rule 8(c), SCRCP ("In pleading to a preceding pleading, a party shall set forth affirmatively [his] defenses."); *D & D Leasing Co. of S.C. v. David Lipson, Ph.D., P.A.*, 305 S.C. 540, 542, 409 S.E.2d 794, 796 (Ct. App. 1991) ("Unenforceability based on a penalty theory is an affirmative defense that must have been pled."); *Whitehead v. State*, 352 S.C. 215, 220, 574 S.E.2d 200, 202 (2002) ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it."); *Adams v. B & D, Inc.*, 297 S.C. 416, 419, 377 S.E.2d 315, 317 (1989) (providing if a party fails to plead an affirmative defense or raise it to the trial court, the appellate court will not address it on appeal); *Pye v. Estate of Fox*, 369 S.C. 555, 564-65, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *State v. Powers*, 331 S.C. 37, 42-43, 501 S.E.2d 116, 118 (1998) (holding constitutional arguments are not an exception to the rules of preservation and are deemed waived on appeal if not raised to the circuit court).

As to Issue 2: *Renaissance Enters.*, 326 S.C. at 466, 483 S.E.2d at 799 ("[O]ur [s]upreme [c]ourt [has] held the statutory interest rate under § 34-31-20(B) *is applicable only in the absence of a written agreement* between the parties fixing a different rate of interest." (emphasis added)); *Turner*, 272 S.C. at 292, 251 S.E.2d at 740 ("If the parties agree that a higher rate of interest than the legal, or statutory rate is to be paid after maturity, the agreement of the parties controls."); *Madren v. Bradford*, 378 S.C. 187, 193, 661 S.E.2d 390, 393 (Ct. App. 2008) ("Statutory prohibition is in the nature of an affirmative defense precluding enforcement of a contract and should be pled."); *Whitehead*, 352 S.C. at 220, 574 S.E.2d at 202 ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it."); *Adams*, 297 S.C. at 419, 377 S.E.2d at 317 (providing if a party fails to

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

plead an affirmative defense or raise it to the trial court, the appellate court will not address it on appeal); *Pye*, 369 S.C. at 564-65, 633 S.E.2d at 510 ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**